[Civ. No. 2877.  Third Appellate District.—March 26, 1925.]

## EDWARDINE CURTIS ROACH, a Minor, etc., Appellant, v. L. MONTAGUE DREW, Respondent.

[1] JUDGMENTS—DAMAGES FOR DEATH OF WIFE—RECOVERY BY HUSBAND—PARTICIPATION BY ILLEGITIMATE CHILD OF WIFE—PLEADING. In an action by an illegitimate child of a deceased wife to have the surviving husband declared a trustee as to a portion of a judgment for damages recovered by him for the wrongful death of the wife, the complaint does not state a cause of action where it appears therein that the only damages sued for and recovered by the surviving husband were those which he himself suffered, and did not include those sustained by said illegitimate child, and it is not alleged in the complaint by said child that she attempted to intervene in the action instituted by said surviving husband, nor is there any showing of wrongful conduct on his part, such as that he knew of the existence of said illegitimate child during the prosecution of his action.

---

(1) **17 C. J.**, p. 1226, n. 78.

APPEAL from a judgment of the Superior Court of Tulare County.  J. A. Allen, Judge.  Affirmed.

The facts are stated in the opinion of the court.

D. E. Perkins for Appellant.

Arthur H. Drew for Respondent.

---

1. General rule as to division among beneficiaries of amount awarded by jury or received in settlement upon account of wrongful death, notes, 8 **Ann. Cas.** 149; **Ann. Cas.** 1913D, 282; 14 **A. L. R.** 516.

FINCH, P. J.—The defendant's demurrer to the complaint herein was sustained and judgment was entered in his favor. This appeal is from the judgment.

The complaint alleges that the plaintiff is the illegitimate child of the deceased wife of defendant and "was born at the County of Los Angeles, State of California, on or about May 29, 1917"; that her mother "intermarried with defendant" on the 10th of January, 1921, and was thereafter his wife until her death; that on the 9th of December, 1922, plaintiff's mother was killed in an automobile accident, due to the negligence of the driver of the machine in which she was riding; that on the 4th of September, 1923, the defendant recovered judgment for damages for the wrongful death of plaintiff's mother, which judgment is in full force and effect and unpaid; that in the action in which the judgment was given the defendant herein did not make plaintiff a party "and did not disclose the existence of plaintiff, and thereby did debar and prevent this plaintiff from commencing any action . . . for damages caused by the death of her mother"; that the defendant "refuses to account to this plaintiff for any part or portion of the judgment . . . and refuses to admit that plaintiff is entitled to the benefit of said judgment or any part thereof, but on the contrary claims the whole of said judgment and of all the rights and benefits thereof for his own use and benefit"; that the plaintiff has suffered damages by reason of her mother's death in a sum at least four times as great as that suffered by defendant; and that plaintiff and defendant are the only heirs of plaintiff's mother. The prayer is that plaintiff be adjudged to be the owner of and entitled to four-fifths of the amount recovered by defendant, less certain special damages, and that he be held as trustee thereof and required to pay to plaintiff four-fifths of any moneys which he may receive under the judgment after deducting the amount of such special damages. It is not alleged that plaintiff attempted to intervene in the defendant's action for damages, or was in any manner prevented from becoming a party plaintiff therein. There is no allegation that defendant acted fraudulently in failing to make plaintiff a party to the action for damages or to disclose therein the existence of plaintiff as an heir of her mother. Neither is it alleged that defendant ever knew of plaintiff's

existence.   It cannot be inferred from the facts alleged that
the defendant knew that his wife was the mother of an ille-
gitimate child.   Certainly no inference or presumption arises
to that effect from the mere fact of the marriage.   It would
not be unnatural, under circumstances such as here disclosed,
for a woman to conceal from her husband knowledge of the
fact that she was the mother of an illegitimate child which
had been born out of wedlock several years prior to their
marriage.

Section 377 of the Code of Civil Procedure provides that
the "heirs or personal representatives" of a person whose
death has been caused by the wrongful act or neglect of
another "may maintain an action for damages against the
person causing the death." "So far as the heirs are con-
cerned, a single joint cause of action is given.   The language
of our statute permits no other construction.   The right of
action in such a case being entirely statutory, the action
must be brought in the names of the persons to whom the
right is given by the statute. . . . The cases from other
states holding that the action may be maintained by one
or more beneficiaries without joining all are based upon
statutes construed as giving the right of action to one or
more for the benefit of all, just as our own statute gives the
right to the personal representatives of the deceased for the
benefit of all of the heirs. . . . An action by a portion only
of the heirs is not the action authorized by our statute.
All the heirs should, therefore, join as plaintiffs in an
action by the heirs, and if the consent of any one who should
be so joined cannot be obtained, he may be made a defend-
ant." (*Salmon* v. *Rathjens,* 152 Cal. 290, 294 [92 Pac. 733,
735] ; *Robinson* v. *Western States Gas etc. Co.,* 184 Cal. 401,
410 [194 Pac. 39, 43].) "While there can be but one
action brought or one recovery had either by the personal
representative of the deceased or the heirs, . . . and while
the recovery in such an action should be of a single 'lump
sum' for all, . . . the total recovery to be had is the aggre-
gate of the *pecuniary loss of each of the heirs who has suf-
fered a pecuniary loss* by reason of the death of the deceased.
. . . It is obvious that the distribution among 'heirs' of
damages recovered by the statutory trustee must be upon the
basis of the pecuniary loss of each." (*Estate of Riccomi et
al.,* 185 Cal. 458, 462 [14 A. L. R. 509, 197 Pac. 97, 98].)

[1]  In appellant's opening brief it is said: "For the purposes of this appeal plaintiff admits that the only damages alleged in the complaint (in defendant's action for damages) were for medical and burial expenses and for the loss by said L. Montague Drew of the services, society, comfort and care" of the deceased.  Since the damages recovered were those only which the defendant herein suffered, and did not include those sustained by plaintiff herein, it is not perceived upon what principle of law the defendant can be deprived of any part of the amount recovered, in the absence of a showing of wrongful conduct on his part.  If the defendant knew of the existence of plaintiff during the prosecution of his action for damages he might be subject to an action for fraud in omitting her as an heir in his suit.  (*Daubert* v. *Western Meat Co.,* 139 Cal. 480, 486 [96 Am. St. Rep. 154, 69 Pac. 297, 73 Pac. 244].)  In *Parmley* v. *Pleasant Valley Coal Co.,* 64 Utah, 125 [228 Pac. 557, 562], it is said: "If . . . any number less than the whole number of heirs bring the action and willfully conceal the fact that there are other heirs, then those who recover damages are liable to the excluded heirs for their proportionate share of the estate, and may be liable for such further damages as the latter may have sustained."

The demurrer was properly sustained on the ground that the complaint does not state a cause of action.

The judgment is affirmed.

Jones, J., *pro tem.,* and Plummer, J., concurred.