[L. A. No. 17672. In Bank.—February 24, 1941.]

IRENE GUINEVERE WATKINS, a Minor, etc., et al., Respondents, v. FRANKLIN P. NUTTING et al., Appellants.

Ray W. Hays for Appellants Nutting et al.

Ralph Robinson and Clyde E. Cate for Appellants Ingalls et al.

Rae B. Carter and John D. Chinello for Respondents.

EDMONDS, J.—In addition to the appeal by Franklin P. Nutting and the American Vineyard & Investment Company from a judgment against them for damages caused by the death of Henry Watkins, Mildred Westra Ingalls and Mahlon Wilson Watkins, children of the deceased who were named as defendants in the action, have appealed from an order made

after judgment. The appellants against whom the judgment is directed contend: (1) That there is no evidence of any negligence on the part of Nutting; and (2) that the evidence shows Watkins was guilty of contributory negligence as a matter of law. The other appellants are seeking to avoid the effect of an order to enter their default.

Considering the appeal from the judgment, it appears from the evidence that the accident occurred at about 4 o'clock on a March afternoon on a three lane highway a short distance south of Fresno. Watkins was a truck driver and had stopped at a cafe to make a delivery. While walking back to his truck, he was struck by an automobile being driven by Nutting, who was operating it in the course of his duties as president and manager of American Vineyard & Investment Company.

The facts stand practically undisputed. It was raining at the time of the accident. The roadway was wet and the visibility only fair. As Watkins started to cross the highway, the automobile driven by Nutting and several other cars were traveling south on the highway, approaching from his left. Another automobile was coming from the opposite direction.

In describing the relative position of these cars just before the accident occurred, the driver of one in the group going south testified that a truck was in the right traffic lane about 50 yards ahead of him, Nutting in the center traffic lane about 75 or 100 yards ahead of him, and a Chevrolet in the right lane about 35 yards ahead of the truck. He admitted that these distances were mere estimates and the testimony of other witnesses indicated that they are inaccurate. No other witness mentioned seeing the truck and there is no other evidence concerning it.

A passenger in the Chevrolet testified that Watkins left the cafe and proceeded at a rapid walk towards the highway; "that he walked up near our car, and as we drove by he just walked behind it and started across the highway; . . . I just put the window down and looked out . . . and Mr. Watkins started across the highway and he looked north one time and he seen this car, must have seen it, and just hesitated for a second, and then started in a fast walk; . . . and just as he reached the east lane or about the white line this car struck him". Other testimony of this witness was: "As he went just behind the car I was in of course I couldn't see him, but as he entered the highway he was looking most of the time to

the south, but he looked to the north only one time that I saw—that I know—he really looked—and that is when he hesitated just a second and then started''.

Nutting testified that as he approached the scene of the accident he was driving at a speed of between 40 and 45 miles an hour; that he was driving in the right traffic lane until he turned into the center lane for the purpose of passing the Chevrolet. ''I was about a couple of car lengths behind the Chevrolet at the time Watkins dodged out from directly behind the Chevrolet and across the highway''. According to Nutting's testimony, he first saw Watkins when Watkins was near the westerly line of the center traffic lane and about two car lengths, 34 feet, distant from him; then he sounded his horn, applied his brakes, and swerved to his left; that Watkins proceeded easterly and when on or near the easterly boundary of the center traffic lane Watkins either stopped, or stopped and stepped back; that he turned his car to his right but that the left end of his front bumper hit Watkins; that he stopped his car within about 20 feet; that at the time of this impact his automobile was traveling about 15 miles per hour; that the accident happened in about one-half of a second after he first saw Watkins.

Appellants argue that these facts do not disclose any negligence on the part of Nutting. They contend that he was driving at a lawful rate of speed at the place on the highway which the law assigned to him when passing another vehicle. They also urge that as soon as he became aware of Watkins' presence on the highway he did everything humanly possible to avoid the collision.

■ The driver of a vehicle is not guilty of negligence under the circumstances here shown if he did those things which a reasonably prudent person would have done under similar circumstances. But the law requires that a driver shall always maintain a vigilant watch for other persons and vehicles using the highway. Under the facts disclosed the jury might have concluded that Nutting failed to perform this duty. According to one witness he was driving his automobile at a speed of 50 miles per hour through the rain. He did not see Watkins until he was within about 34 feet of him. There is evidence that immediately before Watkins was struck he did not turn his car either to the right or to the left. From these facts the jury could draw the inference that Nutting was negligent.

■ The contention that Watkins was guilty of contributory negligence as a matter of law is based upon section 562 of the Vehicle Code which requires pedestrians to "yield the right of way to all vehicles upon the roadway." But by another provision of the same section, the requirement laid upon one crossing a highway "shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway". The right of the automobile driver to claim the right of way over a pedestrian crossing a highway other than at an intersection, or in a marked cross-walk, is not, therefore, an absolute one, nor is the pedestrian absolutely prohibited from so crossing. "The duty of a pedestrian to 'yield' the right of way while crossing a street other than a regular cross-walk, as imposed by section 562 of the Vehicle Code, may call for a higher degree of care upon the part of such pedestrian than would be applied to one crossing at a regular cross walk, but the question as to whether or not such care was exercised in a given case is one for the jury, unless he is so careless that it can be said he is negligent as a matter of law". (*Brannock* v. *Bromley,* 30 Cal. App. (2d) 516, 524 [86 Pac. (2d) 1062].)

■ Where, as in the present case, there is evidence that the injured person looked, but either did not see the approaching automobile, or saw it and misjudged either its speed or distance, the question whether, under the particular circumstances then existing, he was guilty of contributory negligence is one of fact. (*Genola* v. *Barnett,* 14 Cal. (2d) 217 [93 Pac. (2d) 109]; *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086].)

The appellants urge that the giving of certain instructions constitutes reversible error. The first of these states the duty of one driving an automobile, so far as pedestrians are concerned, and embodies the requirements laid down in *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [239 Pac. 709, 41 A. L. R. 1027]. An instruction in substantially the same form as the one now challenged has been upheld in numerous cases. (*Casalegno* v. *Leonard,* 40 Cal. App. (2d) 575 [105 Pac. (2d) 125]; *Eastman* v. *Rabbeth,* 128 Cal. App. 534 [17 Pac. (2d) 1009].)

■ Two other instructions are questioned by the appellants upon the ground that they have no proper application to the facts and that they eliminate the defense of contributory negligence from consideration by the jury. An examination

of them shows that they are correct statements of the law applicable to the facts presented in this case, particularly when the instructions are considered as a whole. By 10 of the 43 instructions the jury was informed in regard to the defense of contributory negligence. In one of them the rule was stated at length and the court informed the jury that if Watkins ''was in the slightest degree negligent, which negligence contributed directly and proximately to his injury'', there can be no recovery. When the instructions are read in their entirety they state the law of the case fairly and clearly, and the failure to include in each one of them a statement of the rule concerning contributory negligence is not error. (*Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 Pac. 237].)

The appeal of Mildred Westra Ingalls and Mahlon Watkins presents some interesting and novel questions. During the trial of the case, the widow of the deceased identified these appellants as Watkins' children by a former marriage, and testified, that at the time the complaint was filed, the former had reached her majority and was married, and the latter was only 20 years of age. Thereupon, counsel for the respondents stated that these children had been named in the complaint as defendants ''by virtue of the fact that they did not choose to join as plaintiffs in the action.'' He added: ''No appearance has been filed by them or either of them in this action, and we ask that their default be entered at this time for non-appearance.'' Upon this motion the trial judge ruled: ''The default of the two defendants . . . will be entered by the clerk.'' No record of such entry appears in the transcript nor was the court's order followed by a judgment.

One month after the judgment in favor of the respondents was entered, these appellants filed a petition to reopen the case for the purpose of taking testimony to establish their pecuniary loss by reason of the death of their father and to secure an allotment to them of a percentage of the judgment, or ''that the court grant the motion of the defendants Franklin P. Nutting and American Vineyard & Investment Co., a corporation, for a new trial and upon the retrial of said cause that the petitioners herein be allowed to join as plaintiffs and prove their pecuniary loss.'' By affidavits accompanying this petition, the appellants asserted that they had been served with summons but were informed by Mrs. Watkins' attorney that they had no cause of action and they, therefore, sought

no further legal advice at that time. Later, they said, they consulted an attorney and were advised that they had been damaged despite the fact that each of them was self-supporting. Upon a new trial, the affidavits continued, they would offer proof of their damage and loss by reason of the death of their father.

The respondents moved to strike this petition and the affidavits from the record. Prior to the hearing upon them, the appellants filed a notice of motion for an order amending the judgment by adding the names of Mildred Westra Ingalls and Mahlon Wilson Watkins, as plaintiffs, for the purpose of permitting them to share in the recovery. The notice of motion recited that it would be based, in part, upon an affidavit of one of their attorneys. According to the affidavit, the appellants were not asked to join in the action and were advised by Mrs. Watkins and her attorneys, without any desire on their part to deceive but by reason of mistake as to the law, that they had suffered no damages by the death of their father for which they were entitled to recover. Because of this mistake and erroneous advice and the confidence of the appellants in Mrs. Watkins and her attorneys, it was said, the appellants did not seek other legal advice and did not appear and plead in the action.

The respondents moved to strike this notice of motion and the supporting affidavit from the files. Upon a hearing both motions were granted and the appeal now being considered was taken from that order.

██ The appellants contend that the default of persons named as defendants under the provisions of section 382 of the Code of Civil Procedure does not bar them from appearing after judgment upon a motion to amend the judgment to include them as plaintiffs in order to share in the judgment obtained. They maintain that children are entitled to share in the damages awarded for the death of their father notwithstanding their failure to appear in the action. They also assert that it is the duty of the plaintiff to offer proof of damage in behalf of all the heirs, and that the court must apportion the damages awarded under the judgment among the children of the deceased notwithstanding the failure of the children to offer proof of damage sustained to them. The respondents take the position that a defendant, against whom a default has been entered, has no standing in court until the default has been set aside, and that a default by an heir at

law, joined as a defendant under section 382 of the Code of Civil Procedure in a wrongful death action, operates as a waiver by such heir of any claim for damages.

The statutory cause of action for wrongful death (sec. 377, Code Civ. Proc.) is one to be exercised by all the heirs, yet it is a joint one, a single one and an indivisible one. (*Gilmore* v. *Los Angeles Ry. Corp.*, 211 Cal. 192 [295 Pac. 41] ; *Salmon* v. *Rathjens,* 152 Cal. 290 [92 Pac. 733].) In such actions, the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for one sum. This suit must be brought in the name of the persons to whom the right is given, and an action by some, but not all, of the heirs is not the action authorized under the statute. (*Robinson* v. *Western States Gas etc. Co.*, 184 Cal. 401 [194 Pac. 39] ; *Rose* v. *San Diego Electric Ry. Co.*, 133 Cal. App. 646 [24 Pac. (2d) 838] ; *Salmon* v. *Rathjens, supra*; *Roach* v. *Drew,* 72 Cal. App. 45 [236 Pac. 568].) If the plaintiffs recover judgment, it is then the duty of the court, in a separate proceeding, to apportion the amount to be awarded each heir. (*Gilmore* v. *Los Angeles Ry. Corp., supra*; *Rose* v. *San Diego Electric Ry. Co., supra.*)

The complaint in the present action alleges only that Mildred Ingalls and Mahlon Watkins, children of the decedent, are of the age of majority and ''do not join these plaintiffs in this action, and are therefore named as defendants herein''. These allegations do not comply strictly with section 382 of the Code of Civil Procedure which requires that ''those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint.'' However, the other appellants were in no position to object, because, as to them, it was sufficient that the heirs were made parties to the action, in some capacity, so that their rights might be determined in it. (*Martin* v. *Howe,* 190 Cal. 187 [211 Pac. 453].)

The fact that the children of the former marriage were joined as defendants does not alter the essential relations between the parties; although named as defendants they are, in reality, plaintiffs in the case. (*Gilmore v. Los Angeles Ry. Co., supra*; *Donohoe* v. *Wooster,* 163 Cal. 114 [124 Pac. 730].) No judgment could properly be taken against them because no relief was demanded from them, and the order of

the court directing the clerk to enter their default was ineffective for any purpose.

■ This does not mean that the respondents were obliged to produce evidence concerning the amount of damage sustained by these children, but the nature of the action was a call upon them to inform the jury as to the existence and relationship of all heirs entitled to bring suit. (*Gilmore* v. *Los Angeles Ry. Corp., supra.*) ■ The law's requirement in this regard is so strong that the plaintiff in an action for wrongful death who does not join as a party an heir who is known to him, is liable for the damages resulting to the heir from his failure to do so. (*Roach* v. *Drew, supra.*)

■ In the present case, not only did all of the evidence introduced upon the issue of damages relate to the respondents with no mention of Mildred Ingalls and Mahlon Watkins, but they were not mentioned in the instructions to the jury. In effect, this was a concealment from the jury that Watkins left other heirs entitled to sue for his death and it prevented a determination of the appellants' rights. But as the amount of damages awarded by the jury represented the damages suffered by the respondents, the children who were not mentioned to the jury are not entitled to share in it. Under the circumstances here shown, their remedy was to move for a new trial upon the issue of damages. (*Rose* v. *San Diego Electric Ry. Co., supra.*) This they did not do, and their request that the motion of the appellants Nutting and American Vineyard & Investment Company be granted was not a notice of motion for a new trial upon any ground available to them.

■ A notice of intention to move for a new trial upon one or more of the grounds specified in the Code of Civil Procedure is essential to the court's jurisdiction. (*Smith* v. *Ibos*, 22 Cal. App. (2d) 551 [71 Pac. (2d) 847] ; *Peters* v. *Anderson*, 113 Cal. App. 158 [298 Pac. 76].) The notice filed by the appellants against whom judgment was rendered gave the court jurisdiction to determine the motion later made by them but not to grant relief to other parties upon different grounds, and, for the reasons which have been stated, it was properly denied.

The judgment and order appealed from are, and each of them is, affirmed.

Curtis, J., Traynor, J., and Carter, J., concurred.

A petition for a rehearing was denied March 24, 1941.