[Civ. No. 33255. First Dist., Div. One. Mar. 13, 1975.]

PHILIP LEE SANDERS, a Minor, etc., et al.,
Cross-complainants and Appellants, v.
JAMES CLARENCE FULLER, Cross-defendant and Respondent.

COUNSEL

Winters & Winters and Robert K. Winters for Cross-complainants and Appellants.

Spridgen, Barrett, Achor, Luckhardt, Anderson & James and C. Kenneth James, Jr., for Cross-defendant and Respondent.

## OPINION

**ELKINGTON, J.**—On *January 1, 1965,* Ira Sanders died as a result of being struck by an automobile driven by defendant James Clarence Fuller. Surviving the deceased were his widow, Opal Sanders, and two minor children of a previous marriage, Philip Sanders and Rita Sanders. Also surviving him were two adult children, Frank Sanders (also known as Frank Ferguson) and Gary Sanders (also known as Gary Ferguson) of an even earlier marriage.

On *December 24, 1965,* the deceased's widow, Opal Sanders, as permitted by Code of Civil Procedure section 377, commenced the instant wrongful death action. Consent of the remaining heirs, the four children, apparently being unobtainable, they were named as defendants under the provisions of Code of Civil Procedure sections 382 and 389.

On *July 14, 1967,* the minor children heirs, defendants Philip Sanders and Rita Sanders, filed their cross-complaint in the action seeking damages from the alleged tortfeasor, defendant Fuller. Also joined as cross-defendants, under the aforementioned provisions of Code of Civil Procedure sections 382 and 389, were their half brothers, defendants Frank Sanders and Gary Sanders. The two minor children, who have since reached the age of majority, will hereafter be termed the cross-complainants.

On *January 31, 1969,* the cross-complainants filed their "Memorandum That Civil Case Is at Issue," as provided by rule 206, California Rules of Court. Thereafter, *June 20, 1969,* the trial court's "Pre-Trial Conference Order" recited that the cross-defendant adult children, Frank Ferguson and Gary Ferguson, "have not been served and have not appeared in the action." Nevertheless the case was set to be tried on October 21, 1969.

On *September 29, 1969,* the cross-complainants effected service of summons upon cross-defendant Frank Sanders in Santa Clara County. He has not since made an appearance and is now in default. At the time of service of summons upon Frank Sanders cross-complainants were informed by him that cross-defendant Gary Sanders was a career Air Force officer. Inquiries by cross-complainants, which we shall later discuss, as to Gary Sanders' whereabouts were fruitless and summons was not served upon him.

On *October 21, 1969,* the case was called for trial but was on that day, for some reason not apparent from the record, "taken off calendar."[1]

The trial court's records show no further proceedings in the action until July 18, 1972, more than *five years* after the filing of cross-complainants' cross-complaint. On that day the alleged tortfeasor, defendant Fuller, filed his "Notice of Motion and Motion to Dismiss" the action for failure to bring it to trial within five years of the filing of the cross-complaint, under the procedure laid down in Code of Civil Procedure section 583, subdivision (b).

---

[1]Since defendant Fuller does not agree therewith, we do not consider for any purpose the conclusionary recital of a declaration of cross-complainants that: "Following a pretrial conference, the matter was set for trial on October 21, 1969, but was taken off calendar on the court's own motion because all the necessary parties were not before the court, FRANK and GARY not having appeared." Points unsupported by a proper record will not be considered on appeal. (*Sanders* v. *Riviera Realty Co.,* 104 Cal.App.2d 70, 72 [230 P.2d 856].)

Following service of that notice of motion cross-complainants were able to, and did, promptly locate cross-defendant Gary Sanders. He was at that time attached to an Air Force base in Arizona. He had been on active duty in that service continually since December 30, 1968.

The trial court, granting defendant Fuller's motion to dismiss, entered judgment accordingly on January 19, 1973.

The cross-complainants alone have appealed from the judgment.

I.  It seems proper, initially, to point out that cross-complainants make no contention that they are aided in any way on their appeal by the Soldiers' and Sailors' Civil Relief Act of 1940. (See 50 U.S.C.A. App. § 501 et seq.)

II.  ■  Cross-defendant Gary Sanders was out of the State of California for approximately four of the five years here at issue. Pointing out that he was a "defendant" in the action, cross-complainants argue that during Gary Sanders' absence from the state he was "not amenable to service of process." They rely upon subdivision (f) of Code of Civil Procedure section 583 stating: "The time *during which the defendant was not amenable to the process of the court . . .* shall not be included in computing the time period specified in any subdivision of this section."[2] (Italics added.)

We observe that although Gary Sanders was named as a "defendant" in the complaint and as a "cross-defendant" in the cross-complaint, his true status could only be that of a coplaintiff seeking damages for the death of his father. He was not the customary defendant against whom damages or other relief were sought.

It is established law that in a wrongful death case such as this, a person claiming, or entitled to claim, damages for such a death is to be considered a *plaintiff,* even though brought into the action as a *defendant.* As said in *Watkins* v. *Nutting,* 17 Cal.2d 490, 498 [110 P.2d 384]: "The fact that the children of the former marriage were joined as defendants does not alter the essential relations between the parties; although named as defendants they are, in reality, plaintiffs in the case." The same court in *Donohoe* v. *Wooster,* 163 Cal. 114, 116-117 [124 P. 730], stated: "The joinder of Freeman as a party defendant is justified by the

---

[2]During the pendency of the instant action, Code of Civil Procedure section 583 was amended several times without substantial change, however, as to its subdivision (f).

provision of section 382 of the Code of Civil Procedure that 'if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint.' The fact, however, that Freeman's refusal to join in bringing the action made it necessary to designate him as a defendant does not alter the essential relations of the parties to one another."

We accordingly hold that Gary Sanders was not a "defendant" of the instant action within the meaning of Code of Civil Procedure section 583, subdivision (f).

III. ■ It is next contended that the alternative provision of section 583, subdivision (f)—"The time . . . *during which the jurisdiction of the court to try the action is suspended* shall not be included in computing the time period specified in any subdivision of this section" (italics added)—is here applicable.

It has now frequently been held that the superior court has *jurisdiction* to try a wrongful death action under Code of Civil Procedure section 377, even in the absence of a joinder of one or more of the heirs of the deceased. We held in *Helling* v. *Lew,* 28 Cal.App.3d 434, 437 [104 Cal.Rptr. 789], "that the requirement of joinder of all heirs is not jurisdictional but procedural." (See also *Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 692 [36 Cal.Rptr. 321, 388 P.2d 353]; *Perkins* v. *Robertson,* 140 Cal.App.2d 536, 543 "failure to follow strictly and rigidly the procedure prescribed in [section 377] is not jurisdictional . . . .")

The instant contention is also without merit.

IV. Next it is urged that "Gary Sanders was an *Indispensable* or *Necessary* Party To This Action." (Italics added.)

We first consider whether he was an *indispensable* party.

As pointed out in part III above, nonjoinder of an heir of the deceased in a wrongful death action does not deprive the trial court of *jurisdiction* to proceed.

It is of the essence of the indispensable party concept that the court is without jurisdiction to proceed until the indispensable party is brought into the action. (*Beyerbach* v. *Juno Oil Co.,* 42 Cal.2d 11, 27-28 [265 P.2d 1]; *Southern Cal. Title Clearing Co.* v. *Laws,* 2 Cal.App.3d 586, 589 [83

Cal.Rptr. 8]; *California Water Service Co.* v. *Edward Sidebotham & Son,* 224 Cal.App.2d 715, 730 [37 Cal.Rptr. 1]; *U-Tex Oil Co.* v. *Pauley,* 209 Cal.App.2d 88, 94 [25 Cal.Rptr. 790]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 66, p. 588; and see Code Civ. Proc., § 389 as amended 1957 and as amended 1971, and now in effect.)

Accordingly, Gary Sanders was not an *indispensable* party to the action.

V. ■ We now consider the contention that Gary Sanders was a *necessary* party to the action.

Code of Civil Procedure section 389, as in effect during the greater part of the five-year period (until 1971) here at issue, as relevant, stated: "A person who is not an indispensable party but whose joinder would enable the court to determine additional causes of action arising out of the transaction or occurrence involved in the action is a conditionally necessary party. . . . [¶] When it appears that a conditionally necessary party has not been joined, the court shall order the party asserting the cause of action to which he is conditionally necessary to bring him in if he is subject to the jurisdiction of the court, if he can be brought in without undue delay, and if his joinder will not cause undue complexity or delay in the proceedings. If he is not then brought in, the court may dismiss without prejudice any cause of action asserted by a party whose failure to comply with the court's order is wilful or negligent."

The 1971 amendment of section 389 eliminated reference to the term "necessary" or "conditionally necessary" party. But nevertheless such a party appears to be described in subdivisions (a) and (b) of the amended statute as follows:

"(a) *A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

"(b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (Italics added.)

Referring to section 389 as amended in 1971, the California Law Revision Commission commented: "The guidelines provided in Section 389 are substantially those that have guided the courts for years." (See Deering's Code Civ. Proc. Ann. (1972) p. 432.)

The nature of the *necessary* party concept was tersely stated in *Bowles* v. *Superior Court,* 44 Cal.2d 574, 583 [283 P.2d 704]: "Where persons are so interested in the controversy that they should normally be made parties in order to enable the court to do complete justice, but their interests are separable from the rest, they are necessary but not indispensable parties."

And after reviewing broad pre-1971 authority Mr. Witkin says: "Prior to the adoption of the statutory designation of 'conditionally necessary parties' . . . persons in this classification were described as 'necessary parties.' They should ordinarily be joined, and their joinder will normally be compelled, but their presence is *not essential* to the jurisdiction of the court to determine the cause. Their presence may be highly desirable because of their interests in the subject matter of the suit, and their presence may be necessary to a determination of the entire controversy between the parties, but their interests are *separable.* Hence, if it is possible and practicable to join or bring them in, it is mandatory to do so; but if it is impossible or impracticable, the court will proceed to determine the cause and the rights of the parties before it." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 136, p. 1809, and see the authority there relied upon.)

*Cross* v. *Pacific Gas & Elec. Co., supra,* 60 Cal.2d 690, appears to be the latest and controlling case concerning the nature of the heirs as parties in

a Code of Civil Procedure section 377 wrongful death action. It holds that although their joinder is compulsory, the statute does not create a joint cause of action. The action may be "instituted by all or only one of the heirs" and yet the court will in any event have "jurisdiction" to proceed to judgment. Its provisions may be "waived," and reversal will not "necessarily follow a failure to comply with the requirements enumerated."

These several considerations impel us to hold, as alternatively contended by the cross-complainants, that Gary Sanders was a *necessary* party to the action.

It became the mandatory duty of cross-complainants "if . . . possible and practicable to join or bring [him] in." (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 136, p. 1809, cited *ante.*) If it was "impossible or impracticable" to bring Gary Sanders into the action, it then became the duty of cross-complainants to make such a showing to the trial court, and endeavor to bring the action to trial without him within the statutory period. As said in *Hershman* v. *Bernard Homes, Inc.,* 1 Cal.App.3d 651, 655: "It is settled law that the responsibility of diligent prosecution at every stage of the proceeding is on the plaintiff—in this case, the cross-complainant."

VI. The record before us suggests at least some lack of diligence of cross-complainants in trying to serve Gary Sanders with summons. For about a year of the critical five-year period that party was actually in the State of California. For about two years after filing of their cross-complaint, cross-complainants made no inquiry whether he had been served by the plaintiff. Upon learning that Gary Sanders was an Air Force officer, little activity was shown in trying to locate him for several years. And then within just a few days after notice of defendant's motion to dismiss, cross-complainants had managed to locate and communicate with him.

On the record the trial court reasonably could, and presumably did, find that cross-complainants had failed in their "responsibility of diligent prosecution at every stage of the proceeding."

Cross-complainants also contend that, under the established circumstances, Gary Sanders' absence throughout the five-year period made it impossible, impracticable, and futile to proceed to trial. (See *J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 671 [343 P.2d 919].) But in

such a situation, as we have pointed out (see part V, *ante*), cross-complainants were under a duty to make a showing of such "impossibility" or "impracticability," and endeavor to promptly proceed to trial without Gary Sanders. Not having done so, here again the trial court reasonably could, and presumably did, find a failure "of diligent prosecution at every stage of the proceeding."

VII.  Finally, relying on *Watkins* v. *Nutting, supra,* 17 Cal.2d 490, 499, and *Roach* v. *Drew,* 72 Cal.App. 45, 48 [236 P. 568], cross-complainants urge that they would be liable in damages to Gary Sanders had they proceeded in the action without his appearance, or default. They misconstrue the authority relied upon; those cases merely impose a duty on a plaintiff (or cross-complainant) in a wrongful death action to inform the court, jury and defendant of the existence and relationship of all known heirs entitled to bring suit. (See *Watkins* v. *Nutting, supra,* p. 499.) This was done in the instant case by joining all of the deceased's children in the complaint and cross-complaint. And since all heirs were necessary parties it was, as we have pointed out, cross-complainants' duty, "if . . . possible and practicable," to "bring them in," or in the alternative to make a proper showing why they had not.

For the reasons stated the judgment of dismissal is—affirmed.

Molinari, P. J., and Lazarus, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.