*804
 
 Opinion
 

 KITCHING, J.
 

 Introduction
 

 A wrongful death complaint named an heir of the decedent as a nominal defendant, but plaintiffs failed either to serve the complaint on that heir or involve her in the subsequent settlement. Even though the omitted heir had knowledge that the wrongful death action existed, plaintiffs’ failure to serve the complaint resulted in the failure to join the omitted heir in plaintiffs’ wrongful death suit. In these circumstances, the omitted heir has a right to bring an action against the wrongful death plaintiffs to recover damages for her omission from the underlying lawsuit and settlement. We reverse a judgment granting a motion for judgment on the pleadings, and remand for further proceedings in the omitted heir’s lawsuit.
 

 Standard of Review
 

 A defendant may move for judgment on the pleadings on the same basis as a general demurrer.
 
 (Ponderosa Homes, Inc.
 
 v.
 
 City of San Ramon
 
 (1994) 23 Cal.App.4th 1761, 1767 [29 Cal.Rptr.2d 26].) The standard of appellate review corresponds to that applied to a judgment following the sustaining of a demurrer.
 
 (Gami
 
 v.
 
 Mullikin Medical Center
 
 (1993) 18 Cal.App.4th 870, 876 [22 Cal.Rptr.2d 819].) Thus the motion is confined to the face of the pleading under attack, and accepts all facts alleged in the complaint as true.
 
 (Rangel
 
 v.
 
 Interinsurance Exchange
 
 (1992) 4 Cal.4th 1, 7 [14 Cal.Rptr.2d 783, 842 P.2d 82].) “Our task in reviewing a judgment of dismissal following the sustaining of such a demurrer is to determine whether the complaint states, or can be amended to state, a cause of action. For that purpose we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed.”
 
 (Crowley
 
 v.
 
 Katleman
 
 (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083].)
 

 Facts and Procedural History
 

 On March 24, 1994, plaintiff and appellant Stacy Ruttenberg (Stacy) filed a complaint based on an underlying wrongful death action filed after the death of her father, Harold A. Ruttenberg (Harold). The complaint identified
 
 *805
 
 Harold’s lawful heirs as Stacy (his daughter from a prior marriage) and a group designated as “the Ruttenberg defendants.’’
 
 [1]
 

 Stacy’s complaint contained the following allegations relating to the Ruttenberg defendants.
 

 Harold died on June 8, 1989. Within weeks of Harold’s death, Stacy attempted to obtain medical records to determine the cause of death and events leading up to his death. Stacy was not able to obtain medical records because she was not Harold’s wife and had no legal right to obtain her deceased father’s records. Stacy was not able to determine the treatment provided to Harold, the nature of the alleged malpractice leading to Harold’s death, or the identities of any potential malpractice defendants. Stacy communicated her inability to obtain these records to the Ruttenberg defendants and requested that they obtain such records. Stacy did not have sufficient information to consider filing an action, and if she had sued the Ruttenberg defendants, she would have been committing malicious prosecution.
 

 The complaint further alleged that after Harold’s death, the Ruttenberg defendants filed a wrongful death complaint (the wrongful death action). It named as defendants the hospital in which Harold was treated and in which he died, and two physicians who diagnosed and treated Harold. The Ruttenberg defendants knew Stacy was Harold’s lawful heir, and the wrongful death complaint named Stacy as a nominal defendant. The Ruttenberg defendants, however, failed to serve Stacy or notify her of the action. The wrongful death complaint stated that Stacy was unwilling to participate in the action, which the Ruttenberg defendants (and their attorneys) knew was false. The Ruttenberg defendants knew Stacy’s residential address or could easily have obtained it. They also knew Stacy was interested in pursuing her claim for damages, but did not consult her regarding filing the wrongful death action, offer to join her as a plaintiff, or serve her as a defendant.
 

 The complaint also stated that on March 19, 1993, the Ruttenberg defendants obtained court approval of minors’ compromises of Brook and Rachel, with knowledge that Stacy had neither notice nor knowledge of those proceedings and that Stacy was entitled to her fair share of proceeds of the wrongful death action.
 

 
 *806
 
 The complaint alleged that on April 13, 1993, the wrongful death defendants settled; the settlement included a payment of $425,000 to the Ruttenberg defendants. The settlement, filed on July 2, 1993, was not served on Stacy. Stacy did not learn of the settlement until December 1993 and did not learn the amount of the settlement until January 10, 1994. Stacy was not served with a July 2, 1993, court order finding that the settlement was in good faith pursuant to Code of Civil Procedure section 877.6. The court was not advised of the nature or fact of Stacy’s claim, or was falsely told that Stacy was not making a claim or otherwise interested in the action. Since there were no other potential cross-complaints or parties making claims, the good faith settlement order was obtained solely to create the pretense of court approval and a final judgment to bar Stacy’s claims without notice to her.
 

 Finally, the complaint asserted that Stacy has received nothing as a result of Harold’s death or from the settlement. Because of the Ruttenberg defendants’ conduct, she has never learned the true cause or causes of her father’s death, causing her to suffer severe emotional distress.
 

 Stacy’s complaint alleged causes of action for constructive trust; for accounting and apportionment; for interference with prospective economic advantage; for fraud and abuse of process; for negligent infliction' of emotional distress; and for intentional infliction of emotional distress.
 

 The trial court granted the Ruttenberg defendants’ motion for judgment on the pleadings. On April 11, 1995, plaintiff Stacy filed a notice of appeal. A signed judgment on the pleadings was filed April 14, 1995. We deem the premature notice to have been timely filed after the judgment.
 
 (Dubins
 
 v.
 
 Regents of University of California
 
 (1994) 25 Cal.App.4th 77, 80, fn. 1 [30 Cal.Rptr.2d 336].) Respondents are the Ruttenberg defendants.
 

 Issues
 

 This appeal raises three related issues. First, do the plaintiffs in a wrongful death action have a duty to join all other heirs in that action? Second, what constitutes proper joinder of other heirs? And third, does an omitted heir have a remedy against the heirs who received the proceeds of a wrongful death suit?
 

 
 *807
 
 Discussion
 

 1.
 
 The Wrongful Death Statute and the Requirements of Wrongful Death Action
 

 Code of Civil Procedure section 377.60
 
 [2]
 
 states in part: “A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent’s personal representative on their behalf: [¶ (a) The decedent’s surviving spouse, children, and issue of deceased children, or, if none, the persons who would be entitled to the property of the decedent by intestate succession.”
 

 A wrongful death action has a statutory rather than common law origin; the Legislature both created and limited the remedy.
 
 (Justus
 
 v.
 
 Atchison
 
 (1977) 19 Cal.3d 564, 572 [139 Cal.Rptr. 97, 565 P.2d 122], overruled on other grounds in
 
 Ochoa
 
 v.
 
 Superior Court
 
 (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1].) Section 377.60 and its predecessor statute, section 377, do not expressly prevent more than one cause of action by a decedent’s heirs. Nevertheless wrongful death actions are considered to be “joint, single and indivisible.”
 
 (Valdez
 
 v.
 
 Smith
 
 (1985) 166 Cal.App.3d 723, 726 [212 Cal.Rptr. 638];
 
 Smith
 
 v.
 
 Premier Alliance Ins. Co.
 
 (1995) 41 Cal.App.4th 691, 697, fn. 8 [48 Cal.Rptr.2d 461].)
 

 Cross
 
 v.
 
 Pacific Gas & Elec. Co.
 
 (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353] defined “joint, single and indivisible” as follows. “In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages.”
 

 The wrongful death statute is “a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action.”
 
 (Cross
 
 v.
 
 Pacific Gas & Elec. Co., supra,
 
 60 Cal.2d at p. 692.) Two conclusions follow from this principle. First, each heir has a personal and separate cause
 
 *808
 
 of action, and a separate rather than a joint interest. Second, strict compliance with the statutory procedure is not jurisdictional in the sense that a failure to comply with statutory requirements requires reversal of a judgment.
 
 (Id.
 
 at pp. 692-694.)
 

 The latter point applies when wrongful death plaintiffs fail to join all heirs. The superior court has jurisdiction to try a wrongful death action even absent joinder of one or more heirs of the decedent.
 
 (Sanders
 
 v.
 
 Fuller
 
 (1975) 45 Cal.App.3d 994, 999 [119 Cal.Rptr. 902].) As defined by section 389, a nonjoined heir is not an “indispensable party” to a wrongful death action.
 
 (Id.
 
 at pp. 999-1000;
 
 Andersen
 
 v.
 
 Barton Memorial Hospital, Inc.
 
 (1985) 166 Cal.App.3d 678, 682, fn. 5 [212 Cal.Rptr. 626].)
 

 Omitted heirs, however, are “necessary parties,” and plaintiff heirs have a mandatory duty to join all known omitted heirs in the “single action” for wrongful death. If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same action. An heir named as a defendant in a wrongful action is, in reality, a plaintiff.
 
 (Sanders
 
 v.
 
 Fuller, supra,
 
 45 Cal.App.3d at pp. 1002-1003;
 
 Smith
 
 v.
 
 Premier Alliance Ins. Co., supra,
 
 41 Cal.App.4th at p. 697.)
 

 2.
 
 Stacy Was Not “Joined” Because She Was Not Served
 

 Although the complaint in the wrongful death action
 
 named
 
 Stacy as a defendant, the Ruttenberg defendants never
 
 served
 
 her. The Ruttenberg defendants argue that they satisfied their obligation by naming Stacy as a nominal defendant, and that even if she was not served, Stacy had actual or constructive notice of the wrongful death proceeding. They asked the trial court to take judicial notice of a hearing in which Stacy’s uncle, an attorney, stated to the court in the wrongful death action that Stacy had actual notice of that action. Stacy’s attorney-uncle denied that Stacy was served with the summons and complaint, and argued that the Ruttenberg defendants could not prove that she had been served.
 

 We find that merely “naming” Stacy as a nominal defendant in the wrongful death action was not the equivalent of “joining” her in that lawsuit. We further find that Stacy’s actual notice of the wrongful death action was not legally sufficient to accomplish joinder. A party cannot be properly joined unless served with the summons and complaint; notice does not substitute for proper service. Until statutory requirements are satisfied, the court lacks jurisdiction over a defendant.
 
 (Honda Motor Co.
 
 v.
 
 Superior
 
 
 *809
 

 Court
 
 (1992) 10 Cal.App.4th 1043, 1048 [12 Cal.Rptr.2d 861];
 
 Schering Corp.
 
 v.
 
 Superior Court.
 
 (1975) 52 Cal.App.3d 737, 741 [125 Cal.Rptr. 337];
 
 Stamps
 
 v.
 
 Superior Court
 
 (1971) 14 Cal.App.3d 108, 110 [92 Cal.Rptr. 151];
 
 In re Abrams
 
 (1980) 108 Cal.App.3d 685, 693 [166 Cal.Rptr. 749].) Without personal jurisdiction over Stacy, the judgment in the wrongful death action is ineffective as to her.
 
 (Caldwell
 
 v.
 
 Coppola
 
 (1990) 219 Cal.App.3d 859, 863 [268 Cal.Rptr. 453].)
 

 As
 
 Honda Motor Co.
 
 states, other jurisdictions might have adopted a different rule, pursuant to which actual notice or receipt of documents would cure defective service. But in California, “. . . the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void.”
 
 (Honda Motor Co.
 
 v.
 
 Superior Court, supra,
 
 10 Cal.App.4th at p. 1048.) The wrongful death plaintiff therefore cannot merely name a defendant who does not wish to participate in the action, and must do more than merely make sure a named defendant has actual knowledge of the lawsuit. The wrongful death plaintiff must properly join all appropriate defendants; proper joinder requires satisfying statutory requirements for service.
 

 3.
 
 Stacy May Sue the Ruttenberg Defendants for Damages
 

 This appeal does not involve remedies Stacy may have had against the alleged tortfeasors in the underlying wrongful death action. Instead, the issue is whether Stacy has a remedy against the other heirs—the parties designated “the Ruttenberg defendants”—for failing to join her in their wrongful death action. Plaintiffs may bring a wrongful death action without joining all known heirs, and the court may try that action, but in such a case plaintiffs proceed at their peril. An omitted heir’s right to a remedy in these circumstances supports the statutory purpose of limiting wrongful death actions to a single proceeding. We find that Stacy has a claim for damages against the Ruttenberg defendants for not joining her in the wrongful death action.
 

 In
 
 Watkins
 
 v.
 
 Nutting
 
 (1941) 17 Cal.2d 490 [110 P.2d 384], the decedent’s widow brought a wrongful death action; among other defendants, plaintiff widow named two of decedent’s children from a previous marriage. The widow’s attorney told the children they had no cause of action, so they filed no answer. A default was entered against the children and the widow obtained a judgment against the other defendants. The children then petitioned to reopen the case to obtain their share of the judgment or to participate as plaintiffs in the new trial sought by the other defendants so
 
 *810
 
 they could prove their damage and loss by reason of their father’s death. The children also moved for an order amending the judgment by adding their names as plaintiffs so they could share in the recovery. The trial court ruled to strike their petition and motion.
 

 The California Supreme Court affirmed the rulings against the children and affirmed the judgment in favor of the widow. This affirmance meant that the children did not have the ability to seek damages on their own behalf from the wrongful death defendants; it also meant that the children could not seek to recover a share of what plaintiff widow had recovered from the wrongful death defendants. “The statutory cause of action for wrongful death ... is one to be exercised by all the heirs, yet it is a joint one, a single one and an indivisible one. . . . This suit must be brought in the name of the persons to whom the right is given, and an action by some, but not all, of the heirs is not the action authorized under the statute.”
 
 (Watkins
 
 v.
 
 Nutting, supra,
 
 17 Cal.2d at p. 498.)
 

 Therefore although the wrongful death plaintiffs were not obliged to produce evidence as to damage sustained by the children, “. . . the nature of the action was a call upon them to inform the jury as to the existence and relationship of all heirs entitled to bring suit. [Citation.] The law’s requirement in this regard is so strong that the plaintiff in an action for wrongful death who does not join as a party an heir who is known to him, is liable for the damages resulting to the heir from his failure to do so.”
 
 (Watkins
 
 v.
 
 Nutting, supra,
 
 17 Cal.2d at p. 499.) Although the children could no longer seek recovery against the other defendants,
 
 Watkins
 
 states that they could seek damages from plaintiff widow.
 

 Smith
 
 v.
 
 Premier Alliance Ins. Co., supra,
 
 41 Cal.App.4th 691 also involved a decedent’s widow and two children from a previous marriage. Although joined as nominal defendants, the children were omitted from a settlement between the tortfeasor’s insurer and the widow.
 
 Smith
 
 held that the insurer owed no duty to the children not to settle with only one of the heirs.
 
 Smith
 
 also states: “An heir wholly omitted from a wrongful death action generally cannot bring a subsequent action for wrongful death. The defendant cannot be subjected to a second recovery by another heir ‘of whose existence [the defendant] had no knowledge at the time of [the initial wrongful death] action.’ [Citation.] Instead, the wrongfully omitted heir may bring an action against the heir who brought the wrongful death action, in order to recover damages for the omission.”
 
 (Id.
 
 at p. 697; see also
 
 Valdez
 
 v.
 
 Smith, supra,
 
 166 Cal.App.3d at pp. 726-727;
 
 Helling
 
 v.
 
 Lew
 
 (1972) 28 Cal.App.3d 434, 437, fn. 2 [104 Cal.Rptr. 789].)
 

 The instant action is not one for a share in the judgment which the Ruttenberg defendants obtained in the underlying wrongful death action.
 
 *811
 
 That judgment represented the damages suffered by the Ruttenberg defendants; an heir not mentioned in the judgment is not entitled to share in it.
 
 (Watkins
 
 v.
 
 Nutting, supra,
 
 17 Cal.2d at p. 499.) Instead Stacy may proceed against the Ruttenberg defendants for damages she suffered because they omitted her from the wrongful death action by failing to join her in that action.
 

 We conclude that the judgment must be reversed.
 

 Disposition
 

 The judgment granting the motion on the pleadings is reversed, and the matter is remanded to the trial court for further proceedings on plaintiff Stacy Ruttenberg’s complaint against defendants Sally Ruttenberg, Donald Urlik, Brooke I. Ruttenberg, and Rachel S. Ruttenberg. Costs on appeal awarded to plaintiff.
 

 Croskey, Acting P. J., and Aldrich, J., concurred.
 

 A petition for a rehearing was denied April 17, 1997, and respondents’ petition for review by the Supreme Court was denied July 9, 1997.
 

 [1]
 

 “The Ruttenberg defendants” are Sally Ruttenberg (Harold’s wife); Brooke I. Ruttenberg and Rachel S. Ruttenberg (daughters of Harold A. and Sally Ruttenberg); and Donald Urlik (an unadopted adult son of Sally Ruttenberg.).
 

 [2]
 

 Unless otherwise specified, statutes in this opinion will refer to the California Code of Civil Procedure. Section 377.60 et seq. took effect January 1, 1993, and reflects a 1992 repeal of the former wrongful death statute, section 377.