**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN MEDINA and RAMONA MEDINA,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>PILE TRUCKING, INC.; et al.,<br><br>    Defendants - Appellants. | No. 13-55441<br><br>D.C. No. 2:11-cv-06329-PJW<br><br>MEMORANDUM* |
| JUAN MEDINA and RAMONA MEDINA,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>PILE TRUCKING, INC.; et al.,<br><br>    Defendants - Appellants. | No. 13-55637<br><br>D.C. No. 2:11-cv-06329-PJW |

Appeals from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 12, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[**] Senior District Judge.

Alvin Flynn, Pile Trucking, Inc., and Earl Pile Trucking (collectively, "Pile Trucking") appeal a $2,625,000 judgment and a $238,047.95 award of interest entered against them and in favor of Juan and Ramona Medina[1] following a jury trial in a wrongful-death suit. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgment but vacate the award of interest.

1. The district court erred in providing the jury with a verdict form that included separate blank lines for the awards of damages to Juan and Ramona, allowing a jury verdict with two sums for damages. In a wrongful death action under California law, "'the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for *one sum*.'" *Corder v. Corder*, 161 P.3d 172, 176 (Cal. 2007) (quoting *Watkins v. Nutting*, 110 P.2d 384, 388 (Cal. 1941)). Here, the verdict form permitted the jury to return separate awards, and the jury did so—awarding $1,750,000 to Juan and

---

[**] The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

[1] For ease of reference, we refer to each of the Appellees by his or her first name.

$1,750,000 to Ramona. After taking into account the jury's comparative fault finding, the district court aggregated those awards for a joint judgment of $2,625,000.00.

Pile Trucking, however, has not demonstrated that it was prejudiced by the verdict form. It has not cited to any case law or presented any evidence in support of its contention that a jury supplied with two blank lines is likely to award greater damages than a jury supplied with only one blank line. Because the purpose of the lump-sum rule is to protect plaintiffs, not defendants, we do not presume prejudice. *See Robinson v. W. States Gas & Elec. Co.*, 194 P. 39, 43 (Cal. 1920).

2. The district court's jury instructions did not erroneously introduce a theory of liability that was absent from the case. In analyzing whether jury instructions fairly and adequately cover the issues presented, we review the instructions as a whole rather than in isolation. *Gulliford v. Pierce Cnty.*, 136 F.3d 1345, 1348 (9th Cir. 1998). Reading the instructions as a whole, it is clear that the only theory of liability presented to the jury was that Flynn acted negligently, and that Pile Trucking was vicariously liable for the negligence of Flynn, its employee. Instruction Number 18, when viewed in context, did not introduce a theory of direct liability against Pile Trucking.

3. The district court erred in awarding the Medinas $238,047.95 in interest pursuant to California's offer-of-judgment statute. *See* Cal. Civ. Code § 3291. Offers of judgment are procedural in nature and, therefore, are governed by Federal Rule of Civil Procedure 68 under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1332 (9th Cir. 1995). Because Rule 68 permits only defendants to serve offers of judgment, the district court's award of interest to the Medinas based on their prior offer of judgment was improper. We therefore vacate the award of interest.

**AFFIRMED in part, VACATED in part, and REMANDED. Each side shall bear its own costs.**