Filed 11/17/21  Opperwall v. Quality Loan Service Corp. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHEN G. OPPERWALL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, et al.,<br><br>    Defendants and Respondents. | A159461<br><br>(Alameda County<br>Super. Ct. No. HG19033652) |

Plaintiff Stephen G. Opperwall appeals from a judgment after the trial court sustained without leave to amend the demurrers of defendants Bank of America, N.A. (BANA) and Quality Loan Service Corporation (QLS) (collectively defendants) to Opperwall's complaint.  Opperwall contends the trial court erred by failing to construe ambiguous language in an exhibit to the complaint in his favor and dismissing the case in violation of the applicable law on demurrers requiring inferences to be drawn in favor of the complaint's sufficiency.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2019, Opperwall filed a complaint alleging seven causes of action against defendants relating to real property located on Via Del Cielo in Pleasanton (the Pleasanton property).  The complaint alleges that the Pleasanton property is not subject to any claims or liens of defendants, but

that in June 2019 defendants recorded a notice of default against Opperwall "allegedly pursuant to the Promissory Note and Deed of Trust that was satisfied as established by Exhibit 1."

Exhibit 1 to the complaint contains a copy of a document recorded with the Alameda County Recorder's Office in July 2019 entitled "Satisfaction of Mortgage" (hereafter satisfaction of mortgage). This document, signed by Opperwall, identifies the Pleasanton property by parcel number and states that a $900,000 mortgage dated January 29, 2007, made by Opperwall to BANA "is paid." Attached to the satisfaction of mortgage is a "Notice of Satisfaction of Claim 13-2" (hereafter notice of satisfaction) filed on September 30, 2016, in the United States Bankruptcy Court for the Northern District of California (hereafter bankruptcy court) in case number 12-41283-WJL13. The notice of satisfaction is signed by BANA and states in relevant part: "Please take notice that the Claim of Bank of America, N.A. filed on 06/20/2012 as Claim Number 13-1 has been satisfied. No further payments from the Trustee are necessary."

Exhibit 1 of the complaint also includes a "proof of claim" form filed by BANA in the bankruptcy court showing BANA's claim of approximately $952,000, including prepetition arrears over $55,000. Also included in exhibit 1 are copies of the deed of trust and promissory note for the $900,000 mortgage on the Pleasanton property.

The complaint further alleges that "[t]he Satisfaction of Claim by Bank is of all claims relating to its Promissory Note and Deed of Trust that relate to the [Pleasanton] Property[.]" According to Opperwall, the satisfaction of mortgage and notice of satisfaction "conclusively establish that the claims by [BANA] against [Opperwall] relating [to] the [Pleasanton] Property were satisfied, waived, and released, and that determination is conclusive based on

2

res judicata, collateral estoppel, and claim preclusion." All seven causes of action in the complaint arise from the allegation that the mortgage debt has been acknowledged as satisfied.[1]

Defendants each generally demurred to the complaint. As relevant here, BANA argued that Opperwall could not escape his mortgage debt by unilaterally recording the satisfaction of mortgage. BANA further argued that the notice of satisfaction filed in the bankruptcy court did not indicate that the entire mortgage debt had been satisfied; rather, it provided that Opperwall had satisfied his obligations under the bankruptcy plan, which required Opperwall to cure the prepetition mortgage arrears balance.

In sustaining the demurrers, the trial court found that the notice of satisfaction applied only to the prepetition arrears–not to the secured debt reflected in the promissory note and deed of trust. The court based its decision on judicially noticed records from the bankruptcy and federal courts, as well as legal authorities holding that Chapter 13 bankruptcy plans

---

[1]    In the first cause of action, Opperwall seeks a declaratory judgment that he has sole and exclusive rights in all respects to the Pleasanton property and that defendants have "no rights regarding any amounts owed by [Opperwall] to either of said Defendants." In the second cause of action, Opperwall seeks temporary, preliminary, and permanent injunctive relief against defendants "restraining them and enjoining them from taking any actions relating to the [Pleasanton] property[.]" In the third cause of action for quiet title, Opperwall seeks a determination that he has sole and exclusive ownership and right to possession of the Pleasanton property requesting the elimination of all claims asserted by defendants. In the fourth cause of action to remove cloud on title, Opperwall seeks cancellation of "any and all instruments and documents that Defendants claim support the cloud on [Opperwall's] title[.]" In the fifth cause of action, plaintiff seeks a determination that defendants' claims are barred by the res judicata effect of the determinations made in the bankruptcy case. In the sixth and seventh causes of action, Opperwall seeks elimination of the deed of trust and promissory note.

generally cannot modify claims secured by a debtor's principal residence, but may be used to cure a default on claims due after the Chapter 13 proceeding. The court observed that "[w]hile [BANA's] Notice of the Satisfaction could have been more clearly drafted, it explicitly states, 'No further payments from the Trustee are necessary.' " Thus, the court concluded that "the only reasonable and lawful interpretation of the Notice of Satisfaction" was that it applied to the approximately $50,000 arrearage and not to the mortgage debt secured by the deed of trust, "which as a matter of law could not be discharged in Plaintiff's Chapter 13 bankruptcy plan." Because all of Opperwall's claims were premised on the allegation that the notice of satisfaction extinguished the entire mortgage debt, the court sustained the demurrers to the entire complaint and did not grant Opperwall leave to amend.

Opperwall appealed from the ensuing judgment.

## DISCUSSION

On appeal from an order sustaining a general demurrer, we review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 (*Cantu*).) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law[,] [Citation] . . ." ' " and " '[we] give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Sanchez v. Truck Ins. Exchange* (1994) 21 Cal.App.4th 1778, 1781 (*Sanchez*).)

We also accept as true facts appearing in exhibits attached to the complaint, but "[i]f the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence." (*Mead v.*

4

*Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567–568.) We will accept the plaintiff's construction of ambiguous exhibits so long as the pleading does not advance " 'a clearly erroneous construction[.]' " (*Requa v. Regents of University of California* (2012) 213 Cal.App.4th 213, 224–225 (*Requa*).)

We may also consider matters that are properly the subject of judicial notice. (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 742.) While a demurrer cannot be turned into an evidentiary hearing through the guise of having the court take judicial notice of factual matters in dispute (*Richtek USA, Inc. v. uPI Semiconductor Corp.* (2015) 242 Cal.App.4th 651, 660), courts "may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case *and other cases*. [Citations.] The complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' [Citation.] A plaintiff may not avoid a demurrer . . . by suppressing facts which prove the pleaded facts false." (*Cantu*, *supra*, 4 Cal.App.4th at p. 877).

In the proceedings below, the trial court granted defendants' requests for judicial notice of various records from the bankruptcy and federal courts. Defendants have not moved for judicial notice of these records on appeal. We are, however, required to take judicial notice of matters properly noticed by the court below, including the bankruptcy court's docket of the bankruptcy proceeding, case number 12-41283-WLJ13; the second amended Chapter 13 plan filed on April 25, 2012; and the bankruptcy court's June 27, 2012, order confirming the Chapter 13 plan. (Evid. Code, §§ 452, subd. (d) [judicial notice of court records], 459, subd. (a) [reviewing court shall take judicial notice of matters properly noticed by trial court].) Additionally, we, like the trial

court, take judicial notice of a November 2018 memorandum decision by the bankruptcy court in adversary proceeding case number 18-04090.

Opperwall disputes the relevance of these records, claiming they had "nothing to do with" the notice of satisfaction and made no reference to it, and therefore the notice cannot be used to interpret factual disputes. We disagree. Opperwall's complaint references the bankruptcy proceeding by case number (12-41283-WLJ13) and identifies the notice of satisfaction and proof of claim as having been filed by BANA in that matter. Accordingly, the terms of the Chapter 13 plan are relevant to the complaint's allegations regarding the effect of the notice of satisfaction. As we shall also explain, the bankruptcy court's memorandum decision in adversary proceeding case number 18-04090 is relevant to Opperwall's contention on appeal that the notice of satisfaction may be interpreted as resolving prior litigation between the parties.

We briefly summarize the relevant terms of the confirmed second amended Chapter 13 plan. The plan identifies BANA's claim of approximately $950,000, with $50,610.07 in "Estimated Mortgage Arrears." Opperwall agreed to pay the bankruptcy trustee $500 a month for 60 months and to "pay [BANA] directly" a monthly payment of $2,724.66. The plan notes that Opperwall's payments on the first mortgage—"except for the pre-petition arrearage portion"—are made "outside the plan," and the plan "assumes that [Opperwall] will obtain, prior to confirmation of this plan, a loan modification agreement on the first mortgage on [Opperwall's] principal residence" which would allow him to make the monthly payments for the duration of the 60-month plan. The plan further states that "[p]ayments the creditor receives from the bankruptcy trustee are to be used solely to pay down the prepetition arrearage[.]"

Turning back to the complaint, Opperwall alleges that BANA's notice of satisfaction pertained to "*all claims* relating to its Promissory Note and Deed of Trust that relate to the Property" (italics added), and that the satisfaction of mortgage and notice of satisfaction "conclusively establish" that BANA's claims against Opperwall regarding the property "were satisfied, waived, and released[.]" However, we need not accept these allegations as true because they are contrary to federal bankruptcy law and the judicially noticed records. (*Requa, supra*, 213 Cal.App.4th at pp. 224–225; *Cantu, supra*, 4 Cal.App.4th at p. 877.)

As the trial court observed, "[m]ortgage-related debts are generally non-dischargeable under Chapter 13 because Chapter 13 bankruptcy plans cannot modify any claims secured by a debtor's principal residence. [Citations.] Although [11 U.S.C.] § 1322(b)(5) provides an exception for the 'curing of any default' and 'maint[aining] of payments' on claims due after the Chapter 13 proceeding, the scope of [11 U.S.C.] § 1322(b)(5) is still narrow. [Citations.] In light of this statutory framework, numerous courts have concluded that debts secured by a principal residence survive a Chapter 13 discharge." (*Demay v. Wells Fargo Home Mortgage, Inc.* (N.D.Cal. 2017) 279 F.Supp.3d 1005, 1009 (*Demay*).) Here, the complaint, its exhibits, and the judicially noticed records establish that BANA filed the notice of satisfaction in Chapter 13 bankruptcy proceedings, and that the mortgage debt was secured by Opperwall's principal residence. Accordingly, the trial court was correct that the notice of satisfaction could not properly be interpreted to reflect satisfaction of the entire mortgage debt.[2]

---

[2] Opperwall argues, for the first time in his reply brief, that mortgages can be discharged in Chapter 13 proceedings in a practice known as "lienstripping." This argument is " 'doubly waived' " due to Opperwall's failure to raise it with the trial court and in his opening brief. (*Lambert v.*

7

The terms of the Chapter 13 plan provide further support for the trial court's decision.  As explained, the Chapter 13 plan reflects Opperwall's agreement to make mortgage payments directly to BANA, while his payments to the bankruptcy trustee were to be used "solely" to pay down the prepetition arrearage.  Accordingly, the third sentence of the notice of satisfaction—"No further payments *from the Trustee* are necessary" (italics added)—plainly refers to the trustee's payments on the prepetition arrears under the plan, not Opperwall's obligation to make monthly mortgage payments to BANA "outside the plan."  Opperwall cannot avoid a demurrer by suppressing these facts with his contrary allegations.  (*Cantu, supra*, 4 Cal.App.4th at p. 877.)

We also do not accept as true the allegation that the recorded satisfaction of mortgage "conclusively establish[ed]" BANA's claim was satisfied, as this allegation is also erroneous as a matter of law.  (*Requa, supra*, 213 Cal.App.4th at pp. 224–225.)  Civil Code section 2941 allows only the beneficiary, trustee, or a title insurance company to reconvey a deed of trust.  (See *Prudential Home Mortgage Co. v. Superior Court* (1998) 66

---

*Carneghi* (2008) 158 Cal.App.4th 1120, 1135.)  In any event, the trial court did not err in relying on *Demay* for the proposition that, in general, Chapter 13 plans cannot modify claims secured by the debtor's principal residence. While Chapter 13 debtors may obtain modification of a *short-term* secured loan through "lienstripping"—e.g., the bifurcation of the loan into secured and unsecured components based on the value of the home, with the unsecured component subject to a "cramdown" (*Aceves v. U.S. Bank N.A.* (2011) 192 Cal.App.4th 218, 228, citing *Am. Gen. Fin., Inc. v. Paschen* (11th Cir. 2002) 296 F.3d 1203, 1205–1209), Opperwall did not allege, nor does he contend he can allege, that he obtained such modification of BANA's first mortgage in the Chapter 13 proceedings.  Furthermore, the judicially noticed records belie such a claim, and the exhibits to the complaint show that the mortgage in question was not a short-term loan subject to modification under 11 U.S.C. section 1322(c)(2).

Cal.App.4th 1236, 1241, citing Civil Code section 2941, subdivision (b)(1), (2) & (3).) Thus, Opperwall, as the borrower, could not reconvey his own deed of trust by unilaterally recording the satisfaction of mortgage document.

Opperwall's remaining contentions are likewise meritless. He contends the trial court found the notice of satisfaction to be ambiguous but failed to construe the ambiguity against the document's drafter, BANA. We disagree. An ambiguity arises when language is reasonably susceptible of more than one possible meaning. (*Dore v. Arnold Worldwide* (2006) 39 Cal.4th 384, 391.) Although the trial court remarked that the notice of satisfaction "could have been more clearly drafted," the court did not find it reasonably susceptible to more than one meaning; rather, it found "[t]he *only* reasonable and lawful interpretation" was that the notice applied to the prepetition arrearage, not the entire mortgage debt. (Italics added.) We agree there is no ambiguity, and hence, no occasion to construe any ambiguity in Opperwall's favor. (*Central Bank v. Kaiperm Santa Clara Fed. Credit Union* (1987) 191 Cal.App.3d 186, 206 [rule of construction against drafter inapplicable where it is determined there is no ambiguity].)

Opperwall also argues that BANA's notice of satisfaction was analogous to an acknowledgment of satisfaction of judgment filed in state court or a withdrawal of a claim filed by a creditor in bankruptcy court, both of which act as legal bars to a creditor later asserting the claim. He cites no authority, however, for the proposition that these types of documents should be treated equivalently as a legal matter. In any event, the issue is not whether BANA is bound by its notice of satisfaction, but whether the notice is properly construed as referring only to the trustee's satisfaction of the prepetition arrearages portion of the claim that went through the bankruptcy, or whether it should be construed to also reach the mortgage

9

debt portion of the claim that remains outside the bankruptcy. Opperwall has not shown that California trial and appellate courts are precluded from interpreting a notice of satisfaction based on its plain meaning and in proper context, and the only reasonable and lawful interpretation of the notice here is that it pertained to Opperwall's satisfaction of prepetition arrearages under the Chapter 13 plan.

Nor are there any allegations in the complaint that Opperwall repaid the mortgage. Opperwall contends it "makes sense" to interpret the notice of satisfaction as an acknowledgment of satisfaction of the entire mortgage debt "because [Opperwall] had a multi-million dollar potential claim against [BANA], and the Acknowledgment of Satisfaction of Claim purported to resolve that claim," as the notice of satisfaction was filed "[a]gainst that backdrop[.]" The complaint, however, is devoid of any allegations—factual or otherwise—indicating the notice of satisfaction reflected a litigation settlement between the parties.[3]

For these reasons, we conclude the demurrers were properly sustained.[4] When a demurrer is sustained without leave to amend, "we

___

[3]      The judicially noticed memorandum decision in adversary proceeding case number 18-04090 reflects that in 2014 and 2018, Opperwall filed civil complaints against BANA in state court alleging BANA's failure to comply with an alleged loan modification agreement. Both cases were removed to the bankruptcy court as adversary proceedings and eventually dismissed, and both dismissals were affirmed by the United States District Court for the Northern District of California (*Opperwall v. Bank of Am., N.A.* (N.D.Cal., Mar. 2, 2020, No. 18-cv-007711-JST) 2020 U.S. Dist. Lexis 45522; *Opperwall v. Bank of Am., N.A.* (Bankr. N.D.Cal. 2016) 561 B.R. 775) and the United States Court of Appeals for the Ninth Circuit (*Opperwall v. Bank of Am., N.A.* (9th Cir. 2021) 847 Fed.Appx. 490; *Opperwall v. Bank of Am., N.A.* (9th Cir. 2018) 727 Fed.Appx. 329).

[4]      In light of our conclusion, we need not address BANA's further contention that the instant suit is barred by the res judicata effect of the

10

decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Sanchez, supra*, 21 Cal.App.4th at p. 1781.) "This showing may be made for the first time in the appellate court, but it must be made." (*Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1039.) Opperwall fails to do so here. Nowhere in his appellate briefing does he explain how the complaint might be amended to avoid the deficiencies identified above. Thus, he fails to show that the trial court abused its discretion in denying leave to amend.[5]

## DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.

---

judgment in the 2018 adversary proceeding or QLS's argument that its actions in conducting foreclosure proceedings were privileged under Civil Code section 2924, subdivision (b).

[5] At oral argument, Opperwall requested the opportunity to provide supplemental briefing. The request is denied.

11

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Rodriguez, J.

A159461/*Opperwall v. Quality Loan Service Corporation, et al.*