Filed 11/24/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RICHTEK USA, INC., et al.,<br><br>     Plaintiffs and Appellants,<br><br>          v.<br><br>UPI SEMICONDUCTOR<br>CORPORATION et al.,<br><br>     Defendants and Respondents. | H039519<br>(Santa Clara County<br>Super. Ct. No. CV192991) |

Here, we confront the boundaries of the use of judicially noticed records in ruling on a demurrer. Utilizing judicially noticed documents in ruling on a demurrer is only proper when the documents are not used to determine disputed factual issues, such as the timing of acquisition of knowledge of the misappropriation of customer information or power supply technology.[1]

Appellants are Richtek Technology Corporation (Richtek Technology), a Taiwan corporation and Richtek USA, Inc. (Richtek USA), its California subsidiary. Respondents are James Chang, H.P. Huang and J.C. Chen, Taiwan residents and former employees of Richtek Technology, and uPI Semiconductor Corporation (uPI), a California company they formed.

---

[1] By customer information, we are referring to customer contacts, needs, requirements, feedback, et cetera. By power supply technology, we are referring to engineering specifications and definitions for making power management products, design layout schematics, et cetera.

We will distinguish the employees' cases that are governed by an employment agreement, and the action against uPI, which remains here, and is subject to California law, particularly as to continuing use of multiple trade secrets.

Appellants sued respondents for trade secret misappropriation. The trial court sustained respondents uPI, Chang and Huang's demurrer on the ground that appellants' claims were barred by the Taiwanese statute of limitations for trade secret misappropriation actions. The court also granted Chen's motion to dismiss based on a forum selection clause in his employment agreement mandating a Taiwanese forum.

Appellants bring this appeal asserting that the trial court erred in sustaining the demurrer because it resolved disputed issues of fact based on information from judicially noticed documents. In addition, appellants argue that the trial court erred in granting Chen's motion to dismiss based on the forum selection clause in his employment agreement with Richtek Technology.

## STATEMENT OF THE FACTS AND CASE[2]

Richtek Technology is a Taiwanese corporation that designs, markets and sells power management integrated circuit products. Richtek USA is a subsidiary of Richtek Technology, and has offices in Campbell, California.

uPI is a Taiwanese corporation that also designs, markets, and sells power management integrated circuit products. Huang, Chang, and Chen are Taiwanese citizens and live in Taiwan. They all are former Richtek Technology employees, who left and went to work for uPI in Taiwan.

While Chang, Huang and Chen were employed by Richtek Technology, they were subject to an employment agreement. The employment agreement provides: "[The employee] shall bear special confidentiality responsibility for any plans, documents or

---

[2] We assume all facts as alleged in the amended complaint are true for the purposes of demurrer. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).) The facts as stated here are taken from the amended complaint.

drawings classified by [Richtek Technology] as confidential . . . and s/he may not disclose such. . . .  [¶] . . . [¶]  After leaving the position, [the employee] may not use any research or marketing secret of [Richtek Technology] s/he possessed or became known of."

With regard to forum selection for resolution of disputes, the employment agreement provides:  "Should [the employee] violate the above provisions, s/he is subject to the punishment of removal from the position. Should [the employee's] violation involve any…disclosure of secrets or any other infringement, which results in losses to [Richtek Technology], [the employee] shall bear any legal liabilities and indemnify [Richtek Technology] for any losses and claims, and relinquish the counterplea right, and agrees that Xinzhu local court shall be the court with governing jurisdiction for first trial."

Respondent Chang left Richtek Technology in December 2005. While he was still working for Richtek Technology, he founded uPI to directly compete with Richtek. He and other former Richtek Technology employees agreed to take Richtek Technology and Richtek USA's trade secrets.  In order to directly compete with appellants, uPI targeted appellants' customers in the United States.  Huang, Chang, and Chen had regular and systematic contact via e-mail, telephone and in-person meetings with individuals at AMD, Dell, nVidia, Apple and Hewlett Packard (HP), some of which occurred in Santa Clara County in California

Huang, Chang and Chen improperly acquired appellants' technical and business trade secrets, including United States customer contacts and customer information. uPI used that trade secret information to persuade those companies to become uPI's customers for power controller products designed and manufactured using appellants' trade secrets.  Appellants lost customers and sales to uPI, who offered nearly identical products at a lower price.

3

*Legal Actions in Taiwan*

Prior to the complaint being filed in the present case, Richtek Technology filed two cases in Taiwan in 2007 related to misappropriation of its trade secrets by respondents.[3]

On July 13, 2007, Richtek Technology filed a criminal complaint in Taiwan seeking prosecution of 11 individuals, including respondents Huang and Chang, who were alleged to be former employees of Richtek Technology and were subsequently employed by uPI. The complaint alleged a claim for misappropriation of trade secrets belonging to Richtek Technology. The criminal complaint alleged that at the end of 2005, Huang and Chang left Richtek Technology with confidential information belonging to Richtek Technology and that they illegally used the information for the benefit of uPI.

On September 11, 2007, Richtek Technology filed a civil complaint for patent infringement in Taiwan against uPI and the same 11 individual defendants, including Huang and Chang. The civil complaint alleged that respondents misappropriated Richtek Technology's trade secrets in connection with uPI's products and business in violation of their Richtek Technology employment agreements.

*Legal Actions in the United States*

On December 2, 2009, Richtek Technology filed two complaints in the United States alleging patent infringement and trade secret misappropriation: one in the United States International Trade Commission that was terminated on September 9, 2010, and the other in the U.S. District Court for the Northern District of California, alleging patent infringement and trade secret misappropriation against uPI. On August 19, 2010, Richtek Technology filed a second amended complaint adding Huang, Chang, and Chen as defendants. On January 3, 2011, the United States District Court dismissed the trade

_____

[3] Appellants' motion for judicial notice filed October 1, 2013, that was deferred for consideration with the merits of this appeal is denied.

secret claim for lack of subject matter jurisdiction and dismissed all claims against Huang, Chang, and Chen for lack of personal jurisdiction. The United States District Court action on the patent and copyright claims remains pending, but is presently stayed.

On January 28, 2011, Richtek Technology and Richtek USA filed the present case, alleging trade secret misappropriation against Huang, Chang, Chen, and uPI. On October 5, 2011, uPI, Huang, and Chang filed a demurrer to the complaint on the ground that the claims are time-barred under Taiwan's statute of limitations for trade secret misappropriation.

Concurrent with the demurrer, Huang, Chang, and Chen filed a motion to dismiss based on the forum selection clause in their employment agreements mandating a forum in Taiwan for Richtek Technology's trade secret claims.

On May 23, 2012, the trial court sustained uPI, Huang, and Chang's demurrer with leave to amend. The court granted respondents' request to take judicial notice of the Taiwan Trade Secrets Act and Richtek Technology's criminal and civil complaints that were filed in Taiwan in 2007. The court determined Richtek Technology's claims were barred by Taiwan's two-year statute of limitations for trade secret misappropriation claims, because the Taiwan criminal and civil complaints demonstrate that Richtek Technology had knowledge of respondents' alleged misappropriation in 2007.

With regard to Richtek USA's identical trade secret claims, the court determined under a choice of law analysis that Taiwan's statute of limitations also applied to bar the misappropriation claims.

The court denied Huang, Chang, and Chen's motion to dismiss based on the forum selection clause in their employment agreements as moot.

On June 4, 2012, appellants filed an amended complaint adding allegations of recent discoveries of the full scope of the continuing misappropriation of trade secrets.

5

On July 6, 2012, respondents again demurred to the amended complaint on the ground that the claims were barred by the Taiwan statute of limitations. In support of their demurrer, respondents requested that the trial court take judicial notice of the Taiwan judicial decision in *MediaTek* v. *MStar,* Chong-Fu-Ming-Zi, No.1 Intellectual Property Court of 2012 (*MediaTek*), and its English translation.

On February 8, 2013, the trial court granted respondents' request for judicial notice of the *MediaTek* case as the law of a foreign jurisdiction. The court sustained respondents' demurrer without leave to amend, finding that appellants' allegations of recent discoveries of further misappropriation "do not appear to be instances of new misappropriations, but rather, ongoing uses of the trade secrets originally misappropriated from Richtek by its former employees." The court went on to state: "None of the new allegations . . . change the fact that Richtek knew of the act of misappropriation and the identity of the liable parties in September 2007 . . . ."

With regard to Richtek USA's identical trade secret claims, the trial court stated that it saw "no basis to reconsider its conflict of laws analysis from the prior order."

The court deemed Chang and Huang's motion to dismiss moot. The court granted Chen's motion to dismiss, finding that the forum selection clause in the employment agreement mandated a Taiwanese forum.

The trial court dismissed respondents from the action, and this appeal followed.

### DISCUSSION

On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, the reviewing court assumes the truth of all facts properly pleaded by the plaintiff. (*Evans, supra,* 38 Cal.4th at p. 6.) "We also accept as true all facts that may be implied or reasonably inferred from those expressly alleged. [Citation.]" (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320-321, disapproved on other groungs in *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 327.) Further, "we give

6

the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  But we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, 38 Cal.4th at p. 6.)

We also consider matters that may be judicially noticed and the complaint's exhibits.  (Code Civ. Proc., § 430.30, subd. (a); *Schifando, supra*, 31 Cal.4th at p. 1081.)  Evidence Code section 452, subdivision (d) authorizes judicial notice of court records.  " 'The court may in its discretion take judicial notice of any court record in the United States.  [Citation.]  This includes any orders, findings of facts and conclusions of law, and judgments within court records.  [Citations.]  However, while courts are free to take judicial notice of the *existence* of each document in a court file, including the truth of results reached, they may not take judicial notice of the truth of hearsay statements in decisions and court files.'  [Citation.]" (*In re Vicks* (2013) 56 Cal.4th 274, 314.)

Where, as here, respondents demur on the primary ground that the action is time-barred under the affirmative defense of the statute of limitations, we apply the following standard:  " ' "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred.  [Citation.]  In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint [and matters subject to judicial notice]; it is not enough that the complaint shows that the action may be barred.  [Citation.]" [Citation.]' [Citation.]" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; accord, Code Civ. Proc., § 430.30, subd. (a).)

***The Amended Complaint***

The amended complaint alleges that Richtek Technology's former employees, including Huang and Chang, violated the confidentiality provisions of their employment agreements by copying and/or not returning Richtek Technology's plans, documents,

7

software and design files and disclosing them to uPI and others. The amended complaint further alleges that Richtek Technology and uPI are Taiwanese corporations, and that Huang and Chang are Taiwanese citizens and residents.

As relevant in this case, with regard to the timing of appellants' discovery of the misappropriation, the amended complaint specifically alleges: "At the time Richtek USA and Richtek Technology first suspected that some trade secrets may have been misappropriated, they had not yet obtained knowledge of the acts which constituted the misappropriation, the role of the person involved in misappropriating the trade secrets; the identity of which specific trade secrets had been misappropriated; the scope of the misappropriation, the identification of all of the products manufactured and sold using the misappropriated trade secrets, some of which had not yet been designed, manufactured or sold, and the extent to which Richtek USA, Richtek Technology and the trade secrets were damaged by the misappropriation, use and sale of these products." The amended complaint further alleges: ". . . Richtek USA and Richtek Technology obtained decapped microphotographs of uPI's uP6201 product sometime in early 2009. Richtek reviewed and analyzed the microphotographs and learned of the similarities between Richtek's products and uPI products." ". . . Richtek USA and Richtek Technology did not become aware of [respondents'] misappropriation of their files generated to test and verify circuit schematics and layout design files until approximately April 2009." "Accordingly, Richtek USA and Richtek Technology did not suspect that [respondents] had misappropriated their customer information, customer contacts, customer needs, customer requirements, customer purchasing strategies, customer feedback, and solutions provided to customer relating to product samples, evaluation boards, and demonstration boards until approximately October 2009.

The amended complaint contains additional specific allegations regarding other subsequent discoveries of respondents' misappropriation. These include information

8

about Richtek USA and Richtek Technology's "parameters for circuit schematics and layout files," and their "product engineering specifications and definitions for fabricating power management IC products," which appellants did not learn were misappropriated until April 2010, and uPI's use of appellants' trade secret schematics, circuit layouts and design files in its new generation products, which appellants learned of in November 2011.

Here, the trial court determined that appellants' claims were barred by Taiwan's two-year statute of limitations for trade secret misappropriation. In so holding, the court took judicial notice of the criminal and civil complaints filed in Taiwan in 2007 as records of a United States case.[4]

While it was proper for the trial court to judicially notice the Taiwanese complaints as appended to the United States District Court case, it was not proper to use the allegations in those complaints to resolve factual disputes for purposes of the demurrer in this case. (Evid. Code §§ 452, 453). "In ruling on a demurrer, a court may consider facts of which it has taken judicial notice. (Code Civ. Proc. § 430.30, subd. (a).) This includes the existence of a document. When judicial notice is taken of a document, however, the truthfulness and proper interpretation of the document are disputable. [Citation.]" (*StorMedia, Inc. v. Superior Court*, (1999) 20 Cal.4th 449, 457, fn. 9.)

Here, the trial court did not take notice of the *existence* of the complaints; rather, it used the complaints to resolve the disputed issue of when appellants' had knowledge of respondents' misappropriation of trade secrets for purposes of the statute of limitations. The allegations in the amended complaint, which we must accept as true for purposes of evaluating a demurrer, state that appellants learned of specific misappropriations in 2009, 2010 and 2011. This is contrary to the allegations in the Taiwanese complaints. In

---

[4] The two Taiwanese complaints were appended to appellants' complaint filed in United Stated District Court in December 2009. (See Evid. Code, § 452, subd. (d).)

9

sustaining respondents' demurrer, the trial court used the allegations in the Taiwan complaints to conclude that appellants had knowledge of respondents' misappropriation in 2007, and as such, appellants' claims in this case were time-barred. This was improper.

"[A] court ruling on a demurrer cannot decide a question that may depend on disputed facts by means of judicial notice." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 115.) " 'On a demurrer a court's function is limited to testing the legal sufficiency of the complaint. [Citation.] "A demurrer is simply not the appropriate procedure for determining the truth of disputed facts." [Citation.] The hearing on demurrer may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable. [Citation.]' [Citation] . . . ' "judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed." [Citation.]' " (*Id.* at pp. 113-114; see also *Joslin v. H.A.S. Brokerage*, (1986) 184 Cal.App. 3d 369, 374; court of appeal reversed judgment entered after trial court used judicially noticed document to sustain demurrer based on statute of limitations where there was a dispute as to the identity of the defendant.)

We find that the trial court erred in this case by using the 2007 Taiwan complaints to conclude that appellants "had knowledge of both the misappropriation at issue in this lawsuit and the identity of the parties liable for damages." The trial court's conclusions regarding the Taiwan complaints are contradictory to the express allegations in the amended complaint. The trial court erred in sustaining respondents' demurrer.[5]

---

[5] Because we find the trial court erred in resolving a factual dispute in sustaining the demurrer, we do not reach the issue of the applicability of the borrowing statute (Code Civ. Proc., § 361), or the Taiwan statute of limitations to this case.

10

*Forum Selection Clause in Employment Agreement*

The trial court granted Chen's motion to dismiss pursuant to Code of Civil Procedure sections 410.30, subdivision (a), and 418.10, subdivision (a)(2), finding that the plain language of the Chen's employment agreement mandates a Taiwanese forum.

The law in this area is well-established. "In California, the procedure for enforcing a forum selection clause is a motion to stay or dismiss for forum non conveniens . . . , but a motion based on a forum selection clause is a special type of forum non conveniens motion. The factors that apply generally to a forum non conveniens motion do not control in a case involving a mandatory forum selection clause." (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358.) When a case involves a mandatory forum selection clause, it will usually be given effect unless it is unfair or unreasonable. (*Id.* at pp. 358-359.) Moreover, a court will normally reject any claims that the chosen forum is unfair or inconvenient. (*Id.* at p. 359.) Also, "[a] court will usually honor a mandatory forum selection clause without extensive analysis of factors relating to convenience." (*Id.* at pp. 358-359.)

Here, the trial court determined that the forum selection clause in the employment agreement was mandatory as to both Chen and Richtek Technology. Appellants argue the forum selection clause was mandatory only as to Chen as the employee; Richtek Technology had its choice of the venue when asserting its claims.

As this presents an issue of contract interpretation, we decide this threshold issue de novo, independent of the trial court's ruling. "An appellate court is not bound by the trial court's construction of a contract when, as here, the interpretation is based solely upon the terms of the written instrument without any assessment of conflicting extrinsic evidence. [Citations.]" (*Intershop Communications v. Superior Court* (2002) 104 Cal.App.4th 191, 196.)

11

The employment agreement between Richtek Technology and Chen provides, in relevant part: "Should [the employee's] violation involve any . . . disclosure of secrets or any other infringement, which results in losses to [Richtek Technology], [the employee] shall bear any legal liabilities and indemnify [Richtek Technology] for any losses and claims, and relinquish the counterplea right, and agrees that Xinzhu local court *is to be* the court with governing jurisdiction for first trial.**[6]** (Emphasis added.)

The translated phrase "is to be" in the agreement is unequivocal, and evinces the parties' intent that the forum selection clause be mandatory. (See, e.g., *Lu v. Dryclean– U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1492 [" '[a]ny and all litigation that may arise as a result of this Agreement *shall be litigated* in Dade County, Florida' " (italics added)]; *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1352 [" 'any claims . . . *shall . . . be prosecuted* in the appropriate court of Ontario [Canada]' "] italics added; *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1672, fn. 4; [" '[A]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York *shall have exclusive jurisdiction* over any case of controversy arising under or in connection with this Agreement' "] italics added.)

Moreover, the agreement's forum selection clause presumes a lawsuit by Richtek Technology to seek damages for Chen's breach and misappropriation of Richtek Technology's trade secrets, as it begins with the phrase "[s]hould [the employee] violate the above provisions." In the event of such lawsuit by Richtek Technology, the forum is selected as the Xinzhu Local Court of Taiwan. This provision is mandatory as to both

---

**[6]** The quote as stated is from the English translation by appellant's expert, Yang Shao that was provided in the United States District Court case. Respondents agreed in the trial court and here to rely upon appellants' offered translation of the employment agreement.

Chen and Richtek Technology, and there is no clause permitting Richtek Technology to choose a different forum.

We find the forum selection clause in the employment agreement between Chen and Richtek Technology is mandatory, and the trial court correctly granted Chen's motion to dismiss.

## DISPOSITION

The order sustaining respondents uPI, Huang and Chang's demurrer to the amended complaint is reversed. Costs on appeal are awarded to appellants Richtek Technology and Richtek USA.

The order granting respondent Chen's motion to dismiss is affirmed. Costs on appeal are awarded to respondent Chen.

_____
RUSHING, P.J.

WE CONCUR:

_____
ELIA, J.

_____
MÁRQUEZ, J.

*Richtek USA, Inc., et al. v. uPI Semiconductor Corporation et al.*
**H039519**

Trial Court: Santa Clara County Superior Court
Superior Court No.: CV192991

Trial Judge: The Honorable James P. Kleinberg

Attorneys for Plaintiffs and
Appellants Richtek USA, Inc. et al.:

Alston & Bird

Yitai Hu
Elizabeth H. Radar

Attorneys for Defendants and
Respondents uPI Semiconductor
Corporation et al.

Hogan Lovells US

Steven M. Levitan
Clark S. Stone
Jennifer M. Lantz
Edward C. Kwok

*Richtek USA, Inc., et al. v. uPI Semiconductor Corporation et al.*
**H039519**