Filed 7/26/22  Save Our Students-Safety etc. v. County of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAVE OUR STUDENTS-SAFETY OVER SORRY et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COUNTY OF SAN DIEGO et al., <br><br> Defendants and Respondents. | D079464 <br><br> (San Diego County Super. Ct. No. 37-2021-00001852-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed with directions.

Caldarelli Hejmanowski Page & Leer and Marisa Janine-Page for Plaintiffs and Appellants.

Office of County Counsel and Joshua M. Heinlein for Defendants and Respondents.

Save Our Students-Safety Over Sorry and its president, Steven Dillingham (collectively SOS2), appeal the judgment dismissing their petition for writ of mandate against the County of San Diego and its Board of Supervisors (collectively the County) for allegedly violating several laws in

approving the construction of a new high school by Literacy First Charter Schools, Inc. (Literacy First). SOS2 argues the trial court erroneously sustained without leave to amend the County's demurrer on the ground that SOS2 had failed to join Literacy First, an indispensable party, within the limitations period. We agree with SOS2 and reverse the judgment.

I.

BACKGROUND

SOS2 is a nonprofit organization that formed in 2020 to oppose the construction of a high school at a location SOS2 deems too dangerous. At the December 9, 2020 meeting of its Board of Supervisors, the County considered SOS2's appeal of the decision of the County's Planning Commission to approve a major use permit for construction of the school and to adopt a mitigated negative declaration. The County rejected the appeal, approved issuance of the permit, and adopted the mitigated negative declaration. A notice of determination was filed with the County Clerk on December 15, 2020.

SOS2 filed a "verified petition for writ of mandate and complaint for violation of Brown Act, declaratory and injunctive relief" (the petition) in the trial court on January 14, 2021. (Capitalization and bolding omitted.) The caption named the County and its Board of Supervisors as defendants and respondents,[1] but did not name any real party in interest. In the first paragraph of the petition, SOS2 alleged the County had unlawfully approved a permit for Literacy First to construct a high school. In the section of the petition labeled "**PARTIES**," SOS2 identified Literacy First as the real party in interest and the proponent of the construction project. SOS2 went on to

---

[1] SOS2 also named the County's Planning Commission as a defendant and respondent but later dismissed it.

2

allege that in approving the project, the County violated the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.) by conducting inadequate environmental review of the project, the Ralph M. Brown Act (Brown Act; Gov. Code, § 54950 et seq.) by holding secret meetings about the project, and the Planning and Zoning Law (Gov. Code, § 65000 et seq.) by approving a project inconsistent with the law. SOS2 prayed for a writ directing the County to set aside its approval of Literacy First's high school construction project.[2]

SOS2 served the County with a summons, the petition, and related documents on February 2, 2021. A proof of service in the record states that on February 23, 2021, SOS2 served copies of the summons, petition, and related documents on an attorney for Literacy First by both U.S. mail and electronic mail. Yet another proof of service in the record states that on February 24, 2021, a registered process server served Debbie S. Beyer, Literacy First's registered agent for service of process, by substituted service. According to the proof of service, the process server left copies of the summons, petition, and related documents with a woman (who was identified as a vice principal and described by race, age, height, weight, hair color, and eye color) at the service address for Beyer on file with the California

---

[2]     SOS2 also included a cause of action for declaratory relief and a related request for injunctive relief by which it sought a judicial determination that the County had violated CEQA in approving the high school construction project and an injunction directing the County to conduct the environmental review required by CEQA. This portion of the petition thus merely duplicated the allegations and request for relief of the CEQA cause of action. The parties did not address the cause of action for declaratory and injunctive relief in connection with the demurrer in the trial court, and they have not addressed it in their appellate briefing either. We therefore do not further consider that cause of action.

Secretary of State, and on the same day the process server mailed additional copies to Beyer at that address.

The County demurred to the petition on March 10, 2021, on the ground SOS2 had failed timely to join an indispensable party, namely, Literacy First. (Code Civ. Proc., §§ 430.10, subd. (d) [authorizing demurrer for defect or misjoinder of parties], 389, subd. (b) [authorizing dismissal when an indispensable party has not been joined].) The County argued that because Literacy First was the proponent of the high school construction project whose approval SOS2 was challenging, Literacy First had to be named as a real party in interest in the petition (Pub. Resources Code, § 21167.6.5, subd. (a))[3] and served with the summons and petition within 90 days of the date of the County's decision to approve the project and to issue the major use permit (Gov. Code, § 65009, subd. (c)(1)(E)),[4] but SOS2 did not name Literacy First

[3]    "The petitioner or plaintiff shall name, as a real party in interest, the person or persons identified by the public agency in its notice [of determination] . . . and shall serve the petition or complaint on that real party in interest, by personal service, mail, facsimile, or any other method permitted by law, not later than 20 business days following service of the petition or complaint on the public agency." (Pub. Resources Code, § 21167.6.5, subd. (a).)

[4]    "Except as provided in subdivision (d), no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision:  [¶] . . . [¶]  (E) To attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 and 65903, or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit." (Gov. Code, § 65009, subd. (c)(1).)  Sections 65901 and 65903 address, respectively, decisions on applications for permits and appeals from such decisions.

4

in the caption of the petition or in the summons and did not serve Literacy First within the 90-day period.[5]

In response to the demurrer, on March 10, 2021, SOS2 filed a notice of errata concerning the caption of the petition by which it added Literacy First as a real party in interest. SOS2 also requested issuance of a new summons, but the clerk advised SOS2 that an ex parte application was required. On March 16, 2021, SOS2 filed an ex parte application for an order directing the clerk to issue an amended summons to conform to the corrected caption of the petition. The County opposed the application on the ground that no new party could be added because the 90-day period for filing and service of the petition had expired. The trial court agreed with the County and denied the application. In a later-filed opposition to the County's demurrer, SOS2 argued it had properly joined Literacy First to the proceeding by identifying it as the real party in interest in the body of the petition and by timely serving it with a copy of the petition.

After holding a hearing, the trial court sustained the County's demurrer without leave to amend. The court ruled Literacy First had not

---

[5] The County demurred to the cause of action alleging violation of the Brown Act on the additional ground that SOS2 had not made the statutorily required prelitigation demand for cure or correction. (See Gov. Code, § 54960.1, subd. (b).) In opposition to the demurrer, SOS2 argued dismissal of the Brown Act claim was not required because its filing of the lawsuit before making a demand for cure or correction did not prejudice the County. The trial court did not address this issue in the order sustaining the demurrer, and the parties do not discuss it in their appellate briefs. Nor did the parties brief the issue of whether SOS2 filed and served the petition within the limitations period of the Brown Act. (See *id.*, § 54960.1, subd. (c).) We deem these issues abandoned. (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 312; *Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

5

properly been joined as a party because SOS2 did not name Literacy First as a party in the caption of the petition and did not name it at all in the summons. A judgment dismissing SOS2's petition followed.

## II.

## DISCUSSION

SOS2 challenges the trial court's orders denying its application for an amended summons and sustaining the County's demurrer without leave to amend. SOS2 contends it named Literacy First as the real party in interest in the petition even though it inadvertently omitted Literacy First from the caption, and SOS2 sought to correct the omission by amending the caption and summons before any limitations period precluded it from doing so. SOS2 further contends it was not required to serve Literacy First with a summons, and it served Literacy First with the petition within the limitations period. The County defends the trial court's orders and argues SOS2's failure to name Literacy First in the caption of the petition and to serve it with a summons within the limitations period requires dismissal of SOS2's lawsuit. As we shall explain, the trial court should have overruled the County's demurrer because SOS2 named Literacy First as a party within the limitations period and did not have to serve it with a summons.[6]

A.    *Standard of Review*

We begin by settling the standard of review, an issue on which the parties disagree. SOS2 asserts the order sustaining the demurrer without leave to amend is reviewed de novo because the demurrer raised only questions of law. The County asserts the proper standard of review is abuse

_____

[6]    Our conclusion makes it unnecessary to address SOS2's contentions regarding the denial of its ex parte application for issuance of an amended summons.

of discretion, because the trial court found SOS2 had not named and served an indispensable party before the limitations period expired and did not reach the merits of the case. A dismissal for failure to join an indispensable party is reviewed for abuse of discretion when the trial court makes fact-specific determinations on the factors listed in Code of Civil Procedure section 389. (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1178-1179; *Kaczorowski v. Mendocino County Board of Supervisors* (2001) 88 Cal.App.4th 564, 568.) The trial court here made no such determinations, because in opposing the County's demurrer SOS2 did not dispute that Literacy First was an indispensable party.[7] Rather, based on the face of the petition and matters judicially noticed, the court ruled Literacy First had not been *joined* within the limitations period. That was a purely legal ruling, which is subject to de novo review. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191; *Organizacion Comunidad de Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 790-791 (*Organizacion Comunidad*); *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1115, 1118 (*Royalty*).)

---

[7] SOS2 also did not dispute that Literacy First is an indispensable party in its briefing in this court. We have stated, "In general, a developer is an indispensable party to a lawsuit challenging a decision regarding whether its project can proceed." (*San Diego Navy Broadway Complex Coalition v. California Coastal Com.* (2019) 40 Cal.App.5th 563, 580.) Courts have repeatedly ruled a project developer is an indispensable party to a lawsuit to set aside permits authorizing the project. (See, e.g., *Simonelli v. City of Carmel-by-the-Sea* (2015) 240 Cal.App.4th 480, 484-485; *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1185, 1189; *Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 498, 501-502.) We accept SOS2's implicit concession Literacy First is an indispensable party to the lawsuit against the County.

B.     *Demurrer and Dismissal*

We turn now to the dispositive issue, i.e., whether the trial court correctly sustained the County's demurrer and dismissed SOS2's lawsuit for failing to join Literacy First as a party before the applicable limitations period had expired.  "Failure to join an indispensable party is a ground for demurrer.  [Citations.]  And failure to include a necessary and indispensable party as a real party in interest within the applicable limitations period is a ground for dismissal."  (*Organizacion Comunidad*, *supra*, 60 Cal.App.5th at p. 791.)  For the bar of the statute of limitations to be raised by demurrer, the defect must clearly appear on the face of the complaint and matters subject to judicial notice.  (Code Civ. Proc., § 430.30, subd. (a); *Richtek USA, Inc. v. uPI Semiconductor Corp.* (2015) 242 Cal.App.4th 651, 658 (*Richtek*).)  The parties agree Literacy First is an indispensable party.  (See fn. 7, *ante*.)  We therefore must determine the applicable limitations period and whether the petition and matters subject to judicial notice show SOS2 did not join Literacy First during that period.

1.     *Applicable Limitations Period*

The County based its demurrer on the statute of limitations in the Planning and Zoning Law, which in pertinent part provides that no action or proceeding to set aside a decision to issue a permit for a construction project "shall be maintained . . . by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision."  (Gov. Code, § 65009, subd. (c)(1)(E).)  CEQA has its own shorter limitations period for filing and service.  A petition attacking a public agency's determination whether a project may have a significant effect on the environment must be filed within 30 days of the date on which the notice of determination was filed.  (Pub. Resources Code,

8

§ 21167, subd. (b).) The petition must be served on the public agency within 10 business days of the date on which the petition was filed (*id.*, § 21167.6, subd. (a)), and on the real party in interest within 20 business days of the date of service on the public agency (*id.*, § 21167.6.5, subd. (a)). The CEQA service period may be extended for good cause, and dismissal is not mandatory if the petitioner fails to comply with it. (*Royalty*, *supra*, 125 Cal.App.4th at pp. 1121, 1123; *Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 847 (*Board of Supervisors*).)

If, however, the petitioner challenges a decision to issue a permit under CEQA, the "absolute limitations bar" of Government Code section 65009 applies and requires dismissal if the petition is not served within 90 days of the decision date. (*Royalty*, *supra*, 125 Cal.App.4th at p. 1123; see Gov. Code, § 65009, subd. (e) ["Upon the expiration of the time limits provided for in this section, all persons are barred from any further action or proceeding."]; *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1048 ["The statute 'mandates strict compliance with the statute of limitations and service periods.' "].) Although, as SOS2 points out, the Planning and Zoning Law expressly requires service only "on the legislative body" within 90 days of its decision and does not mention service on the real party in interest (Gov. Code, § 65009, subd. (c)(1)), CEQA requires service on the real party in interest and prescribes a shorter service period (Pub. Resources Code, § 21167.6.5, subd. (a)), which, as noted, may be extended for good cause. To "harmonize[ ]" the statutes and "accomplish the Legislature's purpose of limiting the time in which a decision regarding a conditional [or major] use permit can be challenged by filing and serving a petition, in no event can service of the petition be accomplished beyond the 90-day time bar contained in the Government Code." (*Royalty*, at p. 1123.)

9

We therefore conclude that where, as here, a petitioner files a petition challenging a local legislative body's decisions to issue a permit and adopt a mitigated negative declaration, the petitioner must name and serve the real party in interest within 90 days of the decisions. We further conclude that where, as here, the real party in interest is an indispensable party, the failure to do so is a ground for dismissal of the lawsuit.[8]

2. *Joinder of Literacy First*

We now turn to whether SOS2 properly joined Literacy First within the applicable 90-day limitations period. Joinder generally is accomplished by naming a party with others in the pleading that initiates the lawsuit and serving the party with the process needed to subject the party to the court's jurisdiction. (Code Civ. Proc., § 389; *Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 808 (*Ruttenberg*); *Franke v. Claus* (1953) 121 Cal.App.2d 777, 779.) We thus must determine whether the trial court correctly ruled that SOS2 had neither named nor served Literacy First before expiration of the limitations period.

---

[8] Our conclusions promote "[t]he legislative policy behind both Government Code section 65009 and CEQA," which "is the prompt resolution of challenges to the decisions of public agencies regarding land use." (*Royalty*, *supra*, 125 Cal.App.4th at p. 1121.) The short limitations period of Government Code section 65009 "is intended 'to provide certainty for property owners and local governments regarding decisions made pursuant to this division' [citation] and thus to alleviate the 'chilling effect on the confidence with which property owners and local governments can proceed with projects' [citation] created by potential legal challenges to local planning and zoning decisions." (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765.) Similarly, "[t]he 'primary purpose' of the limitation[s] period in [CEQA] 'is to protect project proponents from extended delay, uncertainty and potential disruption of a project caused by a belated challenge to the validity of the project's authorization.' " (*Save Lafayette Trees v. East Bay Regional Park Dist.* (2021) 66 Cal.App.5th 21, 39.)

a. *Naming*

The trial court ruled SOS2 had not named Literacy First as a party to the lawsuit within the limitations period because it was not included in the caption of the petition. This was error.

The rules of civil procedure require the title of the initial pleading, which is a petition in a proceeding for a writ of mandate, to include the names of all the parties. (Code Civ. Proc., §§ 422.40, 1086; Cal. Rules of Court, rule 2.111(4); *Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1296-1297.) "A petition for writ of mandate must name the real party in interest, who thereafter has a right to notice and to be heard before a trial or appellate court issues a peremptory writ." (*Sonoma County Nuclear Free Zone v. Superior Court* (1987) 189 Cal.App.3d 167, 173 (*Sonoma County*).) SOS2 did not include Literacy First in the title of the petition, which is part of the caption (Code Civ. Proc., § 422.30, subd. (a)(2)). Had SOS2 given its pleading greater attention and complied with the simple requirement of including all parties in the caption, it might have avoided the County's demurrer and the trial court's dismissal of the lawsuit.

SOS2's procedural misstep does not necessarily bar its lawsuit against the County, however. "The title of a legal pleading is of less importance than the substance of the message it conveys." (*Gillette v. Burbank Community Hosp.* (1976) 56 Cal.App.3d 430, 434; see Civ. Code, § 3528 ["The law respects form less than substance."].) "It has been uniformly held in our state that in order to determine the identity of a party courts are entitled to take into consideration the allegations of the complaint as well as the title." (*Plumlee v. Poag* (1984) 150 Cal.App.3d 541, 547.) The first paragraph of the petition identified Literacy First as the recipient of the major use permit whose issuance SOS2 was attacking. The section of the petition labeled

11

"**<u>PARTIES</u>**" identified Literacy First as the real party in interest and the proponent of the construction project identified in the mitigated negative declaration whose adoption SOS2 was challenging.  The rest of the petition described how the County allegedly violated the law in approving the project and set out the relief SOS2 sought.  The body of the petition thus made clear Literacy First was the real party in interest for the project whose approval SOS2 was seeking to set aside.  (Cf. *Bell v. Tri-City Hospital Dist.* (1987) 196 Cal.App.3d 438, 449 [defendant is adequately named in complaint if "a reasonable defendant [would] have understood the complaint to allege that it was in some way responsible for plaintiff's injury"].)  By filing the petition on January 14, 2021, which was less than 90 days after the County approved the project on December 9, 2020, SOS2 named Literacy First within the applicable limitations period.  (Gov. Code, § 65009, subd. (c)(1)(E); *Royalty*, *supra*, 125 Cal.App.4th at p. 1123.)

        b.    *Service*

The trial court also ruled SOS2 had not served Literacy First within the limitations period because it was not named in the summons.  This, too, was error.

In general, service in a civil proceeding requires delivery of a summons and a copy of the plaintiff's complaint to the defendant.  (Code Civ. Proc., §§ 413.10-416.90; Cal. Rules of Court, rule 3.110(b); *Ruttenberg*, *supra*, 53 Cal.App.4th at p. 808; *Kott v. Superior Court* (1996) 45 Cal.App.4th 1126, 1135.)  The summons must name the parties to the action (Code Civ. Proc., § 412.20, subd. (a)(2)), and if directed to a corporation, must notify the person being served that service is on behalf of the corporation (*id.*, § 412.30).  The summons at issue here, of which the trial court properly took judicial notice (Evid. Code, § 452, subd. (d) [court records are subject to judicial notice];

*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 382 [court may take judicial notice of existence of documents in file]), does not name Literacy First and does not contain the required notice for service on a corporation. As the County contends, these defects would render the service ineffective if a summons were required to effect valid service. (*Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 435; *Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal.App.3d 1118, 1124; *National Union Fire Ins. Co. v. Superior Court* (1966) 247 Cal.App.2d 326, 328-329.) No summons was required to be served on Literacy First, however, for several reasons.

First, a summons is "directed to the defendant" and must warn that without a timely response default may be entered and the plaintiff may apply to the court for the relief demanded in the complaint. (Code Civ. Proc., § 412.20, subd. (a)(4).) Literacy First is a real party in interest, but not a defendant, because its interest in the high school construction project is directly affected by SOS2's writ proceeding, but SOS2 sought no relief against Literacy First. (*Id.*, § 308 [in civil action complaining party is plaintiff and adverse party is defendant]; *Sonoma County*, *supra*, 189 Cal.App.3d at p. 173 [real party in interest is not necessarily opposing party and includes anyone having direct interest in result of proceeding].)

Second, ordinarily "in mandate proceedings, the traditional summons is not used." (*Board of Supervisors*, *supra*, 23 Cal.App.4th at p. 842, fn. 9.) Rather, service in such proceedings is accomplished by serving the alternative writ like a summons in a civil action unless the court directs otherwise (Code Civ. Proc., §§ 1088, 1096; see *Ocheltree v. Gourley* (2002) 102 Cal.App.4th 1013, 1018 [alternative writ serves function similar to that of summons]) or, if no alternative writ is sought, by serving the petition like a summons (Code Civ. Proc., §§ 1088.5, 1107; see *Board of Supervisors*, at

13

pp. 839-840 [when no alternative writ sought petition must be served like summons]).

Third, principles of statutory construction indicate no summons was required in this case. The Subdivision Map Act, which is not at issue in this case, expressly requires service of a summons on a legislative body in a proceeding challenging a decision concerning a subdivision (Gov. Code, § 66499.37; see *Friends of Riverside's Hills v. City of Riverside* (2008) 168 Cal.App.4th 743, 746 [service of summons requirement applies to CEQA cause of action concerning subdivision]), but the Planning and Zoning Law and CEQA, which are at issue, do not expressly require service of a summons (Gov. Code, § 65009, subd. (c)(1); Pub. Resources Code, §§ 21167.6, subd. (a), 21167.6.5, subd. (a)). "When confronted with two statutes, one of which contains a term, and one of which does not, we do not import the term used in the first to limit the second." (*Walt Disney Parks & Resorts U.S., Inc. v. Superior Court* (2018) 21 Cal.App.5th 872, 879; see *Holmes v. Jones* (2000) 83 Cal.App.4th 882, 890 [use of term or phrase in one statute and omission from another statute on related subject show different meaning was intended].)

Hence, SOS2 was not required to serve Literacy First with a summons. Its failure to do so within the 90-day limitations period did not require dismissal of the writ proceeding.

SOS2, of course, was required to serve the petition on Literacy First within the 90-day limitations period to avoid dismissal. (Code Civ. Proc., §§ 1088.5, 1107; Gov. Code, § 65009, subd. (c)(1)(E), (e); *Royalty*, *supra*, 125 Cal.App.4th at p. 1123.) Whether SOS2 did so cannot be resolved on demurrer, however, because only the petition and matters subject to judicial notice may be considered. (Code Civ. Proc., § 430.30, subd. (a); *Weil v. Barthel* (1955) 45 Cal.2d 835, 837.) The petition says nothing about service

14

on Literacy First. The two proofs of service of which the County asked the trial court to take judicial notice state that SOS2 served the petition on Literacy First's lawyer by both U.S. mail and electronic mail on February 23, 2021, and on Literacy First's registered agent for service of process by substituted service at Literacy First's address for service of process on February 24, 2021. Both dates are within the 90-day limitations period, but the truthfulness of the statements in the proofs of service is not subject to judicial notice. (*Richtek*, *supra*, 242 Cal.App.4th at p. 660; *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1057.) Moreover, the parties disputed the validity of service in declarations filed in support of and in opposition to the demurrer. Such declarations may not be considered on demurrer, which is "not the appropriate procedure for determining the truth of disputed facts." (*Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 879; see *Lambert v. Carneghi* (2008) 158 Cal.App.4th 1120, 1126 [refusing to consider declaration defendant filed with demurrer].) Because a demurrer based on limitations will not lie where the proceeding may be but is not necessarily time-barred (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232), and neither the petition nor any document subject to judicial notice conclusively establishes SOS2 did not validly serve the petition on Literacy First within the limitations period, the trial court erred by sustaining the demurrer without leave to amend and dismissing the petition.

15

## III.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to vacate the order sustaining respondents' demurrer without leave to amend and to enter a new order overruling the demurrer.


IRION, J.

WE CONCUR:



HUFFMAN, Acting P. J.



DO, J.

16