Filed 9/21/23  McFadden v. Suter CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ERIC MCFADDEN,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>PETER SUTER,<br><br>     Defendant and Respondent. | A166214<br><br>(San Francisco County<br>Super. Ct. No. CGC22598463)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed herein on August 25, 2023, be modified as follows:

     1. On page 1, the caption is changed to delete "CODY MOLICA" and replace it with "ERIC MCFADDEN" as shown in the revised caption above.

There is no change in the judgment.

Dated: _____

_____

Stewart, P.J.

1

Filed 8/25/23  Molica v. Suter CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CODY MOLICA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>PETER SUTER,<br><br>        Defendant and Respondent. | A166214<br><br>(San Francisco County<br>Super. Ct. No. CGC22598463) |

Plaintiff Eric McFadden procured a $25,000 default judgment against defendant Peter Suter on McFadden's complaint for claim and delivery.  The dispute was based on allegations that Suter, a personal friend of McFadden's, had been storing McFadden's personal possessions in his home as a favor, but then refused to return the property to McFadden after a romantic breakup between McFadden and Suter's sister.  McFadden subsequently assigned all his claims to appellant Cody Molica.

About four months after the default judgment was entered, Suter moved to quash service of summons on the ground the court lacked personal jurisdiction over him because he had not been validly served or, in the alternative, "if the court determines it has jurisdiction over [him]," to set

1

aside the default judgment under Code of Civil Procedure section 473.5.[1] That statute authorizes the setting aside of a judgment if substituted service is *valid* but nonetheless does not result in actual notice to defendant of the lawsuit. (See 8 Witkin, Cal. Procedure (6th ed. 2021) Attack on Judgment in Trial Court, § 217, p. 811; *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 40.) It reflects the understanding that sometimes proper constructive service "might not result in actual notice, and a defendant with a meritorious case might never hear of the action." (Witkin, at p. 811.)

The undisputed evidence demonstrated that Suter, who is Caucasian, lived on 17th Avenue in San Francisco. He was never personally served.

Instead, the summons and complaint were served on two other people: on an unidentified African-American man, at an address on Granada Ave. in San Francisco where Suter had never lived and that had no connection to Suter, and on someone identified in the proof of service as "Armando, friend to Peter Suter" at Suter's former address on Miramar Avenue in San Francisco, where Suter had not lived for nearly two years. Suter asserted in a sworn declaration that he told McFadden about a month before the lawsuit was filed (on January 29, 2022) that he had not lived at that address for two years (and thus could not assist McFadden to retrieve any personal possessions that still remained there).

In his declaration, Suter stated that he first learned of this lawsuit about four months after the default judgment was entered against him, when

---

[1] It states in relevant part: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action." (Code Civ. Proc., § 473.5, subd. (a).)

his wife was served with an order for his debtor's examination. Molica introduced conflicting evidence that the former roommate on Miramar Avenue who had been served with the complaint shared it with Suter a few days later.

Apart from a contention the motion was untimely, the sole basis of Molica's opposition to Suter's motion was that "the motion to vacate should be denied because although substitute service was in fact invalid, [Suter] had actual notice of the action in time to timely defend it."[2]

The court granted Suter's motion on the ground he had not been properly served, and therefore vacated the entry of default and the default judgment. Molica now timely appeals. We reject his arguments and affirm the court's order.

## DISCUSSION

An order vacating a default judgment is appealable as an order made after a final judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 287.)

"A ruling setting aside a default or default judgment is reviewed under the abuse of discretion standard, and an appellate court will reverse only upon ' " 'a clear case of abuse' " ' and ' " 'a miscarriage of justice.' " ' " (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 (*Grappo*), disagreed with on other grounds, *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 46.) Because the law favors the determination of an action on its merits, the statutory grounds for vacating a default judgment must be liberally construed and any doubts resolved in favor of the party seeking relief. (See *Grappo*, at pp. 1009-1010.)

---

[2] Molica admitted that Suter had been served at the wrong addresses.

3

Here, the attempts at service were indisputably invalid. Substitute service in lieu of personal service must be effected by, among other requirements, "leaving a copy of the summons and complaint *at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address* other than a United States Postal Service post office box," and "by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." (Code Civ. Proc., § 415.20, subd. (b), italics added.) In the present case, however, there was no service on *anyone* at Suter's residence. Molica conceded in the trial court that "substitute service was in fact invalid" for that reason. (See fn. 2 *ante*, p. 2.) And on appeal, he concedes in his reply brief that "substitute service must be accomplished *upon a co-resident of the defendant's normal place of abode,* residence, or usual mailing address to meet the statutory definition of substitute service," which, again, he admitted did not happen here.

The general rule in California is that "[a] judgment against a party who was not properly served violates that party's procedural due process rights and the appropriate remedy is to set aside that judgment as void." (*Ridec LLC v. Hinkle* (2023) 92 Cal.App.5th 1182, 1202; accord, *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 (*American Express*) [because " 'compliance with the statutory procedures for service of process is essential to establish personal jurisdiction . . . [,] a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void' "]; see also *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330-1331.)

For the following reasons, Molica has not demonstrated any abuse of discretion by the trial court in setting aside the default judgment on this basis.

### 1. Substantial Compliance with the Service Statutes

First, Molica argues the motion was erroneously granted because there was *constructive* compliance with the statutory requirements of service. But he did not make this argument in the trial court. As noted, his only argument was that even though "substitute service was in fact invalid," Suter did have actual notice, yet "to prevail [he] must show he did not have actual notice of the action" in time to defend it. " '[I]ssues not raised in the trial court cannot be raised for the first time on appeal.' " (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.) Therefore, the constructive compliance theory has been forfeited.

Even if the issue had not been forfeited, we would reject it. Although some cases have suggested that substantial compliance with the statutory procedures for service might suffice if service results in actual notice (see generally *American Express*, *supra*, 199 Cal.App.4th at pp. 390-391 [questioning but citing authorities]), such a theory, assuming it is valid, requires proof of "partial or colorable compliance with the [service] requirement on which the objection is predicated." (*Id.* at p. 391.) The trial court would have been well within its discretion to conclude there had not been substantial compliance with the requirements of substitute service here, because there was never any attempt to serve *anyone* at Suter's home. (Cf. *id.* at pp. 391-393 [where defendant received a copy of summons and complaint left at his doorstep, jurisdiction to enter default judgment could not be upheld on theory of substantial compliance with requirements for valid

5

personal service because plaintiff "served the wrong person (if it served anyone at all)"].)

### 2. Actual Notice

Next, Molica argues that Suter had actual notice of the lawsuit in time to defend it.

First, the factual premise of his argument is mistaken. As we have noted, there was conflicting evidence as to whether Suter knew about the lawsuit before the default judgment was entered against him. An appellate court must "infer that the trial court ' "impliedly made every factual finding necessary to support its decision." ' " (*Gajanan Inc. v. City and County of San Francisco* (2022) 77 Cal.App.5th 780, 792.) We also are required to view the evidence in the light most favorable to the party who prevailed in the trial court and presume that all factual conflicts were resolved *against* the party who lost. (See, e.g., *Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 574.) Put simply, "[w]e accept all evidence supporting the trial court's order" and "completely disregard contrary evidence." (*Id.* at p. 581.) In considering the facts, "[o]ur job is only to see if substantial evidence exists to support the [order or judgment] in favor of the prevailing party, not to determine whether substantial evidence might support the losing party's version of events." (*Id.* at p. 582.) Because there is substantial evidence that Suter *didn't* know about the lawsuit before the judgment was entered against him, we must infer the court found against Molica on this issue.

Second, although we agree with Molica that actual notice precludes relief under Code of Civil Procedure section 473.5, it does not cure invalid service of summons and thereby create personal jurisdiction where none exists. "[E]ven though the defendant may have knowledge of the action, there is no personal jurisdiction unless the statutory method of notification,

6

i.e., the type of service, is sufficient, or unless the defendant appears generally in the action." (2 Witkin, Cal. Procedure (6th ed. 2021) Jurisdiction, § 119, p. 721.) "[O]ther jurisdictions might have adopted a different rule, pursuant to which actual notice or receipt of documents would cure defective service. But in California, '. . . the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void.' " (*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 809 [nominal defendant's actual notice of wrongful death lawsuit was not legally sufficient to confer personal jurisdiction over her]; accord, *American Express*, *supra*, 199 Cal.App.4th at p. 392 ["Actual notice of the action alone . . . is not a substitute for proper service and is not sufficient to confer jurisdiction"]; *Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466 [where summons is defectively served, " '[t]he requirement of notice "is not satisfied by actual knowledge without notification conforming to the statutory requirements" ' "].) The weight of authority is decidedly against Molica, and he makes no legal argument that persuades us otherwise.

On the contrary, the very caselaw he cites cuts against him. *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, held a trial court erred by *denying* a motion to vacate a default and resulting default judgment when the defendant had not been validly served. The appellate court stated: "[N]o California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." (*Summers,* at p. 414.)

Since the default judgment is void because of invalid service, we must affirm the court's order vacating it on that ground irrespective of Molica's arguments under Code of Civil Procedure section 473.5. (See, e.g., *Olvera v.*

7

*Olvera, supra,* 232 Cal.App.3d at p. 41 [doing same, where service by publication was invalid].)

### 3. "Vicarious" Service of Process

Alternatively, Molica argues that actual notice is not required when the relationship between the defendant and the person served is such that it is "highly probable" defendant would receive "vicarious" service of process, which he says was true of Suter and his former roommate. This assertion rests on cases applying the standard for substituted service on authorized agents, which is a theory Molica did not raise below. (See *Summers, supra,* 140 Cal.App.4th at pp. 411-414; *Warner Bros. Records, Inc. v. Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1018.) Here again, this issue has been forfeited. (See *Johnson v. Greenelsh, supra,* 47 Cal.4th at p. 603.)

And again, even if we considered the argument on its merits, we would reject it. For example, in *Zirbes v Statton* (1986) 187 Cal.App.3d 1407 (*Zirbes*), cited by Suter, substitute service on a defendant at her parents' house where she formerly lived was held invalid, despite the fact the defendant had used that address to renew a driver's license a year and a half earlier and the obvious likelihood that her parents would inform her of their receipt of the summons and complaint. (*Id.* at pp. 1415, 1417.) *Zirbes* held the trial court had not abused its discretion in vacating a judgment in these circumstances, because "due process requires more than the supposition a parent or other relative will necessarily tell the target of service." (*Id.* at p. 1418.) "To be constitutionally sound the form of substituted service must be 'reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard.'" (*Id.* at p. 1416.) *Zirbes* held that service of process at a parent's house is not reasonably calculated to give constitutionally adequate notice. (*Ibid.*; see also *Corcoran v. Arouh* (1994)

8

24 Cal.App.4th 310, 315 [extending *Zirbes* to attempted substitute service on a business colleague].)

Here, the trial court was asked to uphold the exercise of personal jurisdiction based on a far more attenuated relationship than that of close family members: service on a former roommate with whom Suter had not lived for two years. Under *Zirbes*, the trial court unquestionably had discretion to vacate the resulting judgment.

### 4. Timeliness of the Motion

Next, Molica argues the motion to quash was untimely filed. Under section 418.10 of the Code of Civil Procedure, a motion to quash service of summons on the ground of lack of personal jurisdiction must be brought "on or before the last day of his or her time to plead or within any further time that the court may for good cause allow." (Code Civ. Proc., § 418.10, subd. (a)(1).) Citing no legal authority interpreting this statute, Molica argues Suter's motion was untimely because his time to plead had expired and his default had been entered.

This argument is too undeveloped for us to consider it. The most basic rule on appeal is that an appellate court must begin by assuming that the trial court's ruling is correct, and from that starting point the burden is on the party appealing to demonstrate that the trial court committed an error. (See *Grappo, supra,* 11 Cal.App.5th at p. 1006.) To persuade us of error, the appellant must make an argument that is both understandable and supported by a discussion of relevant law. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; *Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654.) Simply citing the statutory text without engaging in any meaningful attempt at statutory interpretation is not an adequate appellate argument. (See *Shiheiber v. JPMorgan Chase Bank, N.A.*

9

(2022) 81 Cal.App.5th 688, 696.) Suter, also citing nothing but the statute, counters by arguing his time to plead never commenced at all because he was never validly served. The parties have given us no tools to resolve this issue, such as caselaw construing the statute or any analysis informed by the principles of statutory interpretation. And the burden to do so was on Molica. Because Molica has failed to furnish an adequate legal argument on this point, we deem it forfeited.

Moreover, even if we considered the timeliness issue on the merits, we would reject Molica's argument because he has focused on only part of the statute. The statutory deadline for bringing a motion to quash is not rigid: we agree with Suter who asserts that here there was "good cause" to extend the deadline because he was never served. (See Code Civ. Proc., § 418.10, subd. (a)(1) [allowing motion to be brought "within any further time that the court may for good cause allow"].)

Molica's argument in his reply brief on this issue is hard to follow. But, as noted, we must indulge all presumptions in favor of the correctness of the court's ruling. Therefore, we presume that by addressing the motion to quash on the merits, the trial court implicitly determined there was good cause to allow the motion to be filed beyond any statutory pleading deadline that might otherwise apply. (See *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 17 [motion to quash "was timely because brought within time allowed by the trial court" which entertained it on the merits with no indication it was untimely].) Such a ruling is reviewed for abuse of discretion (see *ibid*.), and Molica has demonstrated none. Indeed, the relief granted by the trial court was entirely consistent with its power to entertain a motion to vacate a default judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect," which motion must be filed within six months of the entry

10

of judgment.  (See Code Civ. Proc., § 473, subd. (b).)  Suter's motion was filed within four.

### 5.     Remaining Issues

Finally, Molica makes several new arguments in his reply brief. He argues the motion was defective under Code of Civil Procedure section 473.5 because it did not include a proposed pleading; he did not concede that service at the Miramar address was invalid; and the trial court should have rejected Suter's "self-serving allegation how he had just moved."  We disregard these arguments because they were not made in the opening brief. (See *Lake Lindero Homeowners Assn., Inc. v. Barone* (2023) 89 Cal.App.5th 834, 838, fn. 2.)  We disregard them for the additional reason that his factual assertions contain no citations to the record.  (See *Madrigal v. Hyundai Motor America* (2023) 90 Cal.App.5th 385, 408, fn. 14.)  And appellate courts do not reweigh credibility determinations made by trial courts.  (See *Lake Lindero Homeowners Assn.,* at p. 838, fn. 2.) "We thus disregard all contentions challenging the trial court's credibility determinations as insufficient to support reversal of the order."  (*Ibid.*)

Suter has filed a motion for appellate sanctions on the ground of taking a frivolous appeal.  We deny it.  Suter has not demonstrated that the law in this area is so crystal clear in its scope or application as to warrant the conclusion that no reasonable litigant would take this appeal.

### DISPOSITION

The order vacating the entry of a default and the default judgment is affirmed.  Respondent shall recover his costs.

11

_____
STEWART, P.J.

We concur.

_____
MILLER, J.

_____
MARKMAN, J.*

*Molica v. Suter* (A166214)

_____
\* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12